**STAR REFINING CO. et al. v. BUTCHER et al.**

**No. 13156.**

Court of Civil Appeals of Texas. Fort Worth.

May 3, 1935.

Rehearing Denied May 31, 1935.

B. J. Wynne, of Wills Point, and Wilson Johnson, Jr., Rice M. Tilley, and Wayne R. Howell, all of Fort Worth, for appellant.

Slay & Simon and Samuels, Foster, Brown & McGee, all of Fort Worth, for appellees.

DUNKLIN, Chief Justice.

On May 26, 1930, W. T. Casstevens leased to the Star Refining Company a certain oil and gasoline filling station, with its equipments, in the city of Fort Worth, for a period of five years from and after that date, for a rental of $200 per month. The 7th paragraph of the lease reads as follows:

"It is mutually agreed and as a part of the consideration for the execution and acceptance of this lease by the lessee that the lessor hereby agrees, promises and covenants with the lessee that for a term of five years from and after the execution of this lease that he, the said W. T. Casstevens, will not either directly or indirectly engage in the selling, marketing and/or distributing, either by wholesale and/or retail, gasoline and/or motor oil, or engage directly or indirectly in the selling and/or distributing by wholesale and/or retail, new automobile tires and tubes and/or the repair of tires and/or tubes, or engage in the selling, marketing and/or distributing, either by wholesale and/or retail, any new automobile accessories of any kind and character, but it is especially understood and agreed that nothing herein contained shall prohibit or deny to the said lessor the right to carry on and operate and maintain a general auto wrecking yard business, and the buying and selling of repair parts incident and connected thereto.

"The lessor further promises and agrees that he will not be or become interested in or hold stock in, or extend financial aid or assistance to any person, firm or corporation (other than the lessee herein named) engaged in the selling, marketing and/or distributing either by wholesale or retail, gasoline and/or motor oil, tires, tubes, automobile accessories, and the repairing of automobile tires and tubes within Tarrant County, Texas, for the said period of five years from and after the execution of this lease. It is agreed that if the said lessor shall violate these said provisions with reference to engaging of such competitive business that the lessee shall have the right and option to forthwith and immediately declare said lease forfeited, cancelled and annulled, which said right shall be without prejudice to any other right or rights that the lessee may have at law or in equity, and without waiver of the same, and if the said lessee should desire to exercise such option to cancel said lease, and does declare the same cancelled, then said lease shall immediately terminate and be of no further effect or binding upon either party."

On July 22, 1930, W. T. Casstevens, for a consideration of $5,000, assigned to S. C. Cunningham all his rights arising under said lease contract, including the right to all rents which the Star Refining Com-

pany might thereafter owe on the property and the right of the lessor to cancel the lease in accordance with its terms and stipulations. And the following is one of the provisions of said assignment: "However, it is hereby agreed by the said W. T. Casstevens as a part of the consideration for this assignment, that in the event he, the said W. T. Casstevens shall violate any of the terms or conditions imposed on him by said lease contract that would give the lessee therein the right to declare said lease contract cancelled and the right to refuse to further pay the consideration therefor; and provided, on account of such violation on the part of said W. T. Casstevens, the lessee does declare said lease contract cancelled and refuses and fails to pay the consideration therefor; then and in such event the undersigned, W. T. Casstevens, hereby agrees and obligates himself to pay or see that the said S. C. Cunningham is paid the consideration stipulated in said lease contract, as same comes due, for the remainder of said five year term, as though no violation of same had occurred."

On February 5, 1932, S. C. Cunningham assigned to the partnership of Butcher & Sweeney all his interest in the lease for the unexpired remainder of the lease term; and at the same time the Star Refining Company executed its written acknowledgment of that assignment.

The Star Refining Company paid the rents accruing up to December 26, 1932, when it notified Butcher & Sweeney that it elected to cancel the lease because of breach of its covenant by W. T. Casstevens. Thereupon, Butcher & Sweeney instituted this suit against the Star Refining Company and W. T. Casstevens to recover $2,400, the balance of rents accruing under the terms of the lease. It was alleged that the Star Refining Company had notified plaintiffs of its cancellation of the lease by reason of the violation by Casstevens of his obligations stipulated therein, and by reason of his breach he had become liable to plaintiffs for the rentals sued for, and judgment was sought against him upon that theory. In the alternative, it was further alleged that if it be shown that Casstevens had not breached his obligations stipulated in the lease and thereby given the Star Refining Company grounds for its breach, then it was liable for the rents sued for, under the terms of the lease which it had taken from Casstevens.

Casstevens pleaded specially that paragraph 7 of the lease, already copied, rendered the entire lease contract null and void because in unreasonable restraint of trade and hence contrary to public policy, and also violative of the statutes of the state forbidding monopolies.

The Star Refining Company asserted the legality of the lease contract as against the attack made thereon by Casstevens, but denied liability to plaintiffs for the rents claimed on the ground that on December 26, 1932, it had canceled the contract by reason of the act of Casstevens in breaching his covenant, expressed in paragraph 7 of the lease, not to engage in business in competition with that of the lessee. It was alleged that provisions of that portion of the lease were ambiguous, and, if properly construed, they evidenced an intention that the restrictions imposed on the lessor against pursuing a competitive business were confined to Tarrant county, and were not unlimited as to territory as alleged by Casstevens. The Star Refining Company further pleaded over against Casstevens on an account for oil and gas sold to him, and for which judgment was rendered.

When the case was called for trial, the court overruled application of the Star Refining Company to file a further plea as a trial amendment, alleging that it was the intention of both parties to the lease to limit all restrictions imposed on Casstevens to Tarrant county, and that the failure to specifically limit the restrictions in the first portion of that paragraph to Tarrant county was the result of mutual mistake of the parties.

Upon the trial, the court instructed a verdict in favor of plaintiffs against the defendant Star Refining Company for $2,400, the amount of rents claimed after it had notified plaintiffs of its intention to abandon the lease and had offered to restore the premises to plaintiffs; also in favor of defendant Casstevens as against plaintiffs' suit against him, and in favor of the Star Refining Company against him on its plea over for merchandise sold to him. The Star Refining Company alone has appealed.

■ We overrule Casstevens' contention that his rights accruing under the lease to the defendant Star Refining Company were of such personal character as not to be assignable. Authorities cited, holding that when one is employed solely by rea-

son of trust and confidence in him, his contract of employment is not assignable, are not in point, such as Menger v. Ward, 87 Tex. 622, 626, 30 S. W. 853; 5 C. J. § 46, p. 880, and decisions there cited.

Since the contract in question was not of that character, it was assignable. Malakoff Gin Co. v. Riddlesperger, 108 Tex. 273, 192 S. W. 530; 5 C. J. § 51, p. 885.

 Over objection by counsel for Casstevens, the court refused to permit appellant to offer in evidence paragraph 7 of the lease, although admitting in evidence all of its other provisions in favor of plaintiffs. The objection urged was upon the ground that "it discloses upon its face that its provisions are in violation of the Anti-trust or monopoly statutes of the State" (Vernon's Ann. Civ. St. arts. 7426 to 7438) in that the restrictions therein contained against the pursuit by Casstevens of a competitive business was not confined to any locality, but applicable everywhere. While the first restriction in that paragraph does not specifically limit the transaction of the business therein referred to to Tarrant county, we believe that the court and jury could reasonably conclude that such was the understanding, since the other restrictions, which related to business of like character, were limited in their application to Tarrant county. The court also sustained objections on the same ground to testimony offered by appellant of certain facts not appearing in the lease tending to show an understanding between the parties at the time, that all those restrictions were meant to apply in Tarrant county only, and that thereafter they were so acted upon by Casstevens. It is a familiar rule that if a contract is subject to two constructions, one indicating a lawful purpose and the other an unlawful one, the former will be adopted, since it will be presumed that no unlawful purpose was intended. And that in interpreting it, all its parts and the pertinent surrounding circumstances may be looked to to arrive at the understanding of the parties. It is our conclusion that there was reversible error in those rulings, and that appellant had the right to introduce such evidence in the absence of a plea of mutual mistake.

It is a well-recognized rule that if such a restriction against engaging in a competitive business is unlimited as to place, the contract is illegal, as held in Comer v. Burton-Lingo Co., 24 Tex. Civ. App. 251, 58 S. W. 969, 970; Martin v. Hawley (Tex. Civ. App.) 50 S.W.(2d) 1105.

But it is also a rule that a contract which restricts the pursuit of competitive business within a certain locality is enforceable if the restriction is reasonable as applied to the circumstances giving rise to the contract, and is not violative of our anti-trust statutes. Hill County v. Colonial Trust Co. (Tex. Civ. App.) 18 S.W. (2d) 787; Curry v. Texas Co. (Tex. Civ. App.) 8 S.W.(2d) 206, and the many authorities cited in those decisions; Malakoff Gin Co. v. Riddlesperger, 108 Tex. 273, 192 S. W. 530; 13 C. J. § 486, p. 525.

For the errors noted, the judgment of the trial court is reversed, and the cause remanded.