## WRIGHT v. SOUTHERN ICE CO., Inc.

### No. 5668.

Court of Civil Appeals of Texas. Texarkana.

Nov. 5, 1940.

Rehearing Denied Nov. 21, 1940.

C. C. McKinney, of Cooper, and Jackson & Stell, of Sulphur Springs, for appellant.

Long & Wortham and Hutchison & Fisher, all of Paris, for appellee.

HALL, Justice.

This suit was instituted against Obie Wright by appellee for an indebtedness amounting to $3,471.88 alleged to be due it for ice cream sold and delivered to Wright as shown by itemized account attached to the petition.

Appellant answered by general denial, and further, that if he was indebted to appellee, which was denied, it was by virtue of a purported contract made and entered into May 20, 1936, by and between appellee and Obie Wright; that

"Said contract and all acts, debts, or liabilities purportedly incurred under same, or any right accruing thereunder, are null and void and of no effect as being by virtue of a contract contrary to law and public policy and in restraint of trade and in violation of the anti-trust laws. * * *

"Defendant alleges that no recovery can be had under and by virtue of the aforesaid purported contract because the same is null and void and unenforceable in law for the following reasons:

"1. Because in paragraph 2 the same restricts the territory in which defendant can operate;

"2. Because in paragraph 3 the same sets the price at which the defendant must sell;

"3. Because there is a provision in paragraph 4 which provides that the defendant Obie Wright shall sell no product except that of plaintiff;

"4. Because paragraph 6 provides that the dealer shall only employ persons who accept the terms and provisions of said contract;

"5. Because paragraph 8 of said contract provides that the dealer shall not engage in business of the nature of plaintiff's for a period of two years after the termination of said contract."

By supplemental petition appellee denied that its contract with appellant Obie Wright was in restraint of trade and violative of the anti-trust act in that "the sale of the goods upon which this suit is brought was made to said defendant, at prices agreed upon by plaintiff and defendant, for resale by defendant Obie Wright at prices he might fix, under plaintiff's trade name of 'Southern Creameries Made-Rite Ice Cream' from the premises and by the use of the equipment and trucks leased for such purpose by plaintiff to defendant, without any attempt by plaintiff to fix or regulate resale prices, and without any unreasonable limit as to either time or territory during which and where such sales should or could be made by defendant, Obie Wright."

Trial was to a jury. At the conclusion of all the testimony the trial court instructed the jury to return a verdict for appellee for its indebtedness, less certain credits.

By appellant's first proposition it is contended among other things that "The trial

court erred in rendering judgment for plaintiff and against defendant, Obie Wright, in the amount of $3,186.15 * * * since the debt or alleged cause of action asserted by plaintiff accrued under and by virtue of a contract void and illegal as being in contravention to the anti-trust laws of the State of Texas." This proposition, in our opinion, raises the controlling question on this appeal. The contract referred to in the proposition and in appellant's pleading was a lease contract entered into by and between appellee and appellant, Obie Wright, whereby Wright took over appellee's ice cream station and equipment at Paris, Texas, consisting of hardening vault, compressor, water heater, pump, billing machine and certain ice cream trucks. The contract is rather long and we shall set out the following parts only, which we deem pertinent to a discussion of this proposition:

"Second. For and in consideration of the leasing of dealer of the said above described equipment and other delivery equipment, and the agreement on the part of dealer to purchase ice cream from Company, Company hereby agrees to permit dealer to operate certain ice cream station and delivery route now owned and operated by Company in that part of Texas now served by the Paris station and that part of the Texarkana route from Clarksville west to Paris and from Talco north to Paris, and to have the benefit of the business and good will in connection therewith. * * *

"Third. Company agrees to sell to dealer all ice cream which may be required by dealer for delivery to customers on the above mentioned ice cream station and delivery route or on any other ice cream station and delivery route or routes now operated by dealer or which may be operated by dealer during the term of this agreement. * * *

"Fourth. It is expressly understood and agreed that if, *during the continuance of this agreement, Dealer shall without the written consent of the Company, its successors or assigns, purchase ice cream from any other ice cream manufacturer, Dealer or Peddler,* or shall place into the storage and truck or trucks or other equipment hereby leased or shall deliver to customers at said station or on the above mentioned ice cream delivery route *or on any other ice cream delivery route or routes operated by him, any ice cream* *purchased from any other ice cream manufacturer, dealer or peddler, than the Company, its successors or assigns shall have and is granted the right, at its or their option to declare* this agreement cancelled and terminated, * * *." (Italics ours.)

The arrangement whereby appellant Obie Wright purchased ice cream from appellee was based upon the lease contract here under discussion. Is this lease contract illegal and void as being in restraint of trade as defined in R.C.S. Article 7428, or is it capable of two constructions, one legal and the other illegal? If the former be true, then it carries its death warrant upon its face and is therefore void; but if the latter be true, then the construction which is legal will be indulged since it is presumed that the parties intended no unlawful purpose. Star Refining Co. v. Butcher, Tex.Civ.App., 84 S.W.2d 303. Insofar as this lease contract restricted the use of the leased premises, trucks, and other appurtenances to the exclusive sale of appellee's products, it did not contravene the anti-trust laws of this State forbidding monopolies in restraint of trade. Celli & Del Papa v. Galveston Brewing Co., Tex.Civ.App., 186 S.W. 278. Does this lease contract restrict the exclusive sale of appellee's products to the leased premises and its trucks operating on routes theretofore established by appellee? We think not. The lease contract by its clear and unambiguous provisions prohibits appellant Obie Wright from purchasing ice cream from any other person or company than appellee during the life of said contract under the penalty of having same cancelled. Also it forbids delivery by Obie Wright of ice cream not only from the leased equipment and on the routes set out therein, but the prohibition extends "to any other ice cream delivery route or routes operated by him" (Obie Wright). Thus it is seen that Wright is prohibited from buying or selling any ice cream other than that manufactured by appellee at any place during the life of this contract. These provisions in the lease contract, under which the evidence shows the indebtedness sued on herein was contracted, render the contract void as being in violation of R.C.S. Article 7428, Sec. 1. Texas Brewing Co. v. Templeman, 90 Tex. 277, 38 S.W. 27; Wood v. Texas Ice & Cold Storage Co., Tex.Civ.App., 171 S.W. 497; Martin v. Hawley, Tex.Civ.App., 50 S.W.2d 1105.

Any contract by which one party is to sell his entire output to, or to take his entire requirements of a commodity from, the other is contrary to our statute forbidding monopolies. Rawleigh Medicine Co. v. Harper, Tex.Civ.App., 7 S.W.2d 892. See 83 A.L.R. p. 1173, and cases there cited.

The indebtedness sued on herein being based upon a lease contract violative of R.C.S. Article 7428, Sec. 1, and therefore void, is not enforcible "either in law or equity." Manufacturers' Finance Corp. v. Fort Worth Paper Co., Tex.Civ.App., 68 S.W.2d 307, 308, writ refused, and cases therein cited. The conclusion set out renders unnecessary a discussion of the other propositions brought forward.

The judgment of the lower court is reversed and judgment is here rendered for appellant.

. Reversed and rendered.