Harold L. TURNER, Appellant,

v.

Arthur F. RHEA, Appellee.

No. 15932.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 17, 1958.

**230**

Lattimore & Lattimore, and Hal M. Lattimore, Fort Worth, for appellant.

Byrom & Wright, and James C. Byrom, Fort Worth, for appellee.

MASSEY, Chief Justice.

From a judgment for Arthur F. Rhea, as plaintiff, against Harold L. Turner, defendant, for an indebtedness due upon contract for chinchillas sold and delivered, the latter appealed.

Judgment reversed and rendered.

Appellee's suit was eventually narrowed down to two counts for specific performance, both predicated upon a principal transaction of contract entered into by appellant (with a partner) and appellee on January 23, 1954. By this contract, reduced to writing, appellee agreed to furnish and did furnish to appellant 15 pairs of adult chinchilla animals and 5 pairs of young chinchilla animals for a total consideration of $7,250, of which the sum of $1,000 had been paid, leaving owing the balance of $6,250. A few months later, but under the provisions of the foregoing contract, appellee additionally sold to the appellant two pairs of chinchillas at an agreed price of $800. The total amount in the two transactions was $7,050, for which amount, plus interest, judgment was entered in favor of appellee and against appellant.

Upon the trial below, appellant set up by a plea in the nature of confession and avoidance the invalidity of the contract declared upon by appellee under the provisions of Vernon's Annotated Texas Civil Statutes, Arts. 7426 through 7447, inclusive, and Vernon's Annotated Penal Code, Arts. 1632 through 1644, inclusive. In short, appellant contends that the contract was one made in violation of the State's anti-trust laws and therefore was void and unenforceable by either party against the other.

The original Act was passed in 1889, and has been enlarged through subsequent amendment. At present the provisions appear under V.A.T.S., Title 126, "Trusts—Conspiracies Against Trade", and under V.A.P.C., Title 19, Chapter 3, "Trusts and Conspiracies Against Trade". Original cases under the Act were Texas &

P. Coal Co. v. Lawson, 1896, 89 Tex. 394, 32 S.W. 871, 34 S.W. 919; Texas Brewing Co. v. Templeman, 1896, 90 Tex. 277, 38 S.W. 27; and Fuqua v. Pabst Brewing Co., 1897, 90 Tex. 298, 38 S.W. 29, 750, 35 L.R. A. 241. See annotation in 83 A.L.R. 1173 et seq., "Contract by one party to sell his entire output to, or to take his entire requirements of a commodity from, the other as contrary to public policy or antimonopoly statutes." See the Texas cases annotated in 58 C.J.S. Monopolies § 54, p. 1034, "Contracts Prohibiting Vendee from Purchasing or Selling Competitors' Goods or Commodities".

The contract in question not only transferred title to chinchillas but bound the appellant, as purchaser, to agreement on his part that "he will not offer for sale, trade, or exchange animals from sources other than named herein." On the matter of what the parties contemplated to be done with the chinchillas, the further expression is found in the contract: "Seller will expect Buyer to sell animals as they get heavy where possible * * *." Furthermore, the appellee testified on trial that appellant and his partner were to deal exclusively with him under the contract.

■ Is this contract illegal and void as being in restraint of trade as defined in the statutes, or is it capable of two constructions, one legal and the other illegal? If the former be true then it carries its death warrant upon its face and is therefore void; but if the latter be true, then the construction which is legal will be indulged since it is presumed that the parties intended no unlawful purpose. There are cases in which certain restrictions of contract are not of such a nature as to contravene the anti-trust laws of this State. See Celli & Del Papa v. Galveston Brewing Co., Tex.Civ.App. Galveston 1916, 186 S.W. 278, affirmed Tex.Com.App., 227 S.W. 941 (where lessor's acts in restricting use of leased premises to exclusive sale of lessor's products were held not to constitute a violation); Star Refining Co. v. Butcher, Tex.Civ.App. Fort Worth 1935, 84 S.W. 2d 303 (where agreement restricting lessor from engaging in competitive business with lessee was held not to constitute a violation provided the contract be construable as limited as to place); Gandy v. Pillsbury Mills, Tex.Civ.App. Austin 1950, 235 S.W.2d 470, error refused (where contract between seller and purchaser purportedly limiting purchaser to seller as source from which he was able to purchase turkey feed was held not to constitute a violation since purchaser was limited only to a particular flock of turkeys being raised at one particular place, and then only as to a particular turkey-raising season); State v. Fairbanks-Morse & Co., Tex.Civ. App. Dallas 1951, 246 S.W.2d 647, 657, writ refused, n. r. e. (from which it appears that no violation occurs when the purchaser is the "ultimate consumer" of the commodity sold and, as such, contracts not to take from a source other than the seller).

■ The instant case may not be numbered among the cases so holding since under the contract the appellant is prohibited from selling chinchillas acquired from sources other than the appellee. Of course, he would be free to sell animals bred from his own herd, but we do not perceive this to be a distinction affecting the case. There is no limitation as to place or time, and it appears that appellant is by the contract forever restricted in any competition with the appellee in relation to contemplated sales and the appellee is forever protected as to competitors from whom appellant might desire to buy for purposes of resale.

Such provisions render the contract void as being in violation of V.A.T.S., Art. 7428, subd. 1. Wright v. Southern Ice Co., Tex.Civ.App. Texarkana 1940, 144 S.W.2d 933, error refused, and authorities cited. As such, it is unenforceable either in law or equity. Manufacturers' Finance Corp. v. Fort Worth Paper Co., Tex.Civ.App. Fort Worth 1933, 68 S.W.2d 307, error refused.

In view of what has been said, the judgment rendered below must be reversed and rendered for the appellant.

Additional points of error presented on the appeal have been separately examined, but none present any additional reason for reversal. Since we deem them without merit, they are severally overruled without discussion.

Judgment reversed and rendered.