Lewls **OFSOWITZ**, Appellant,

v.

The **ASKIN STORES**, Inc., Appellee.

No. 3329.

Court of Civil Appeals of Texas.

Eastland.

Nov. 1, 1957.

Rehearing Denied Nov. 22, 1957.

W. Pat Camp, Brown & Brown, San Antonio, for appellant.

Lang, Byrd, Cross, Ladon & Oppenheimer, San Antonio, for appellee.

COLLINGS, Justice.

This is an injunction suit by Askin Stores, Inc., against Lewis Ofsowitz. Ofsowitz was a former employee of plaintiff corporation under a written contract and plaintiff sought injunctive relief to enforce a restrictive covenant in the contract. The trial court granted judgment against Ofsowitz enjoining him for a period of two years from September 20, 1956, from operating, conducting or in any way becoming interested in or affiliated with

any clothing business in the City of San Antonio, Texas, or within 15 miles thereof, similar in nature to the stores conducted by plaintiff in said city. Ofsowitz has brought this appeal.

Appellant Ofsowitz first became an employee of appellee on May 15, 1946. On February 17, 1947, he executed the written contract of employment upon which this suit is based. Under the terms of the contract appellant was employed as manager of appellee's store located in the City of San Antonio, known as the "Seymour's Store" or as "Seymour's Credit Clothing Store". The employment of Ofsowitz as manager of such store by the corporation was by the terms of the contract "at will" and his duties as manager, among other things, were to contract sales, collect monies, make remittances thereof, and perform such other acts and duties as were incident to his employment in accordance with appellee's instructions. The contract provided that appellant's compensation should be 5 percent of the amount of all net bank deposits made by the store with a guaranteed minimum of $250 per one-half month. It was further provided by the contract that:

" * * * the manager specifically undertakes and agrees that in the event of the termination of his employment with the corporation, for any reason whatsoever, he will not for a period of two (2) years from the date of such termination (or if any shorter period by provided by law, then for that period) directly or indirectly enter the employ of or become interested or affiliated or connected with directly or indirectly in any business within *San Antonio, Texas,* similar or of a like nature to the business of the corporation or in any other city or place wherein the corporation maintains a store and in which store the manager shall have been employed during his said employment or within fifteen (15) miles of *San Antonio, Texas,* * *."

It was found by the court and the evidence is undisputed that appellant Ofsowitz in violation of the above set out provision of his contract of employment, prior to his resignation as manager of appellee's Seymour Store in San Antonio, purchased an interest in a competing installment credit clothing business located next door to the Seymour Store with the intention of becoming manager thereof and in competition with appellee, The Askin Stores.

■ We overrule appellant's contention that because of the provision of the contract to the effect that his employment as manager was at the will of the corporation which was not bound to employ him for any specific length of time, the restrictive covenant in question which was not to take effect until after his employment was ended, was without consideration and therefore unenforceable. This identical question was decided adversely to appellant's contention in the case of Krueger, Hutchinson and Overton Clinic v. Lewis, Tex.Civ.App., 266 S.W.2d 885, affirmed 153 Tex. 363, 269 S.W.2d 798. See also McAnally v. Person, Tex.Civ.App., 57 S.W.2d 945 (Writ Ref.).

■ Appellant further contends in several points that the court erred in granting the injunction against him because the contract, and the restrictive covenant therein, were unfair and unreasonable. The general rule is that an employee's covenant not to engage in competing business against his employer after the termination of his employment contract, may be enforced if the restriction is reasonable in respect to the time it imposes, the territory it embraced and is reasonably necessary to protect some legitimate interest of the employer in the operation of his business. 10 Tex.Jur. 227; Vol. 3, Tex.Jur. 10 Yr. Sup., Contracts, par. 133; Parker v. Smith, Tex.Civ.App., 254 S.W.2d 144. The burden to establish the reasonableness of the restrictive covenant is on the employer. McAnally v. Person, supra.

In this connection the evidence shows that appellant Ofsowitz entered into the employment of appellee as manager of its Seymour Store in San Antonio in 1946. Appellant's duties as manager included the sale of merchandise. He continued in this employment in the same capacity and location until the termination of his connection with appellee in September, 1956. There was evidence to the effect that during this period Ofsowitz was a capable and energetic manager of appellee's Seymour Store. He directed and managed the work of other employees of the store and made many personal contacts with customers. These contacts were made by meeting and greeting customers who came to the store, by occasional participation in arrangements for terms of payments, in arrangements for payments under a lay-a-way plan, in collecting money from customers as down-payments, in resolving complaints of customers and by occasionally making or participating in direct sales to customers. The evidence further shows that appellant's acquaintance and good will was such that some customers coming to Seymour Store called for Ofsowitz personally. The evidence shows as heretofore indicated that the competing credit clothing business in which appellant has become interested and which he expects to operate as manager is located next door to appellee's Seymour Store in San Antonio where appellant has been so employed as manager and has developed an exceptional business and good will for himself and for appellee, The Askin Stores, over a period of about ten years. Contrary to appellant's contention there was ample evidence that the planned operation by appellant of a credit clothing store next door to the Seymour Store would, or in all probability would, injure or adversely affect some legitimate business interest of the appellee. This evidence in our opinion supports the finding of the trial court:

" * * * that said contract of employment and the covenant and restrictions * * * set forth were and are reasonable and essential to plaintiff for the protection of its business in the event of termination of defendant's said employment and is therefore valid and enforceable."

Appellant's points urging, in effect, that the contract and the restrictive covenant therein were and are unfair and unreasonable are overruled.

Appellant further contends that the conduct of appellee, The Askin Stores, during the life of the contract was so inequitable as to deprive it of the right to relief in an equitable proceeding. In this connection it is urged that appellant Ofsowitz is now about forty-eight years of age and has been engaged in the retail credit clothing business the greater part of his adult life; that he entered the employment of appellee as manager of its Seymour Store in San Antonio in 1946 under a contract by which he was to receive, as compensation, five percent of the amount of all net bank deposits made by the store with a minimum draw of $250 per half month; that appellant, by reason of his ability and diligence, greatly increased the sales volume in the Seymour Store through the year 1950, and thereby increased his income from $5,387.85 which he received in 1946 to $18,210.39 which he received in 1950; that in 1951 appellee, The Askin Stores, opened a competing store known as "Farley's Credit Clothiers" in San Antonio which was around the corner from, but near to, the Seymour Store. The evidence shows that at the end of the year in which the Farley's Store was opened, the sale volume of the Seymour Store dropped to such an extent that appellant's income based upon five percent of the net bank deposits, as provided by the contract, amounted to only $12,322; that in 1954 appellee opened another retail credit clothing store in San Antonio under the name of "The Askin Store" which was several blocks from the Seymour Store and the sales volume of the Seymour Store was again reduced and by reason thereof ap-

pellant's income was also reduced by more than $1,000. Appellee, The Askin Stores, Inc., in 1956 acquired a retail clothing store known as "Dailey's" which was immediately next door to the store managed by Ofsowitz and the record shows that the sale volume of the Seymour Store for the part of that year prior to appellant's resignation was running below the sales volume of the preceding year. Appellant urges that the action of appellee, The Askin Stores, in opening these additional stores in San Antonio in competition with the Seymour Store, when it had contracted to compensate appellant on the basis of the volume of business of that store, was calculated to and did reduce his earnings in a manner that was manifestly unfair and inequitable and that appellee is therefore not entitled to the equitable relief of an injunction.

The evidence does show that The Askin Stores acquired three other retail credit clothing stores in San Antonio in competition to its Seymour Store from 1951 to 1956 and that after the opening of each of such stores there was a decrease in the sales volume of the Seymour Store and a resulting decrease in appellant's income. The evidence, however, is not conclusive that the reduction in sales of the Seymour Store and of appellant's income were caused by the opening of the additional stores. The greatest decrease in the sales volume of the Seymour Store was about the time of and after the opening of the Farley's Store in 1951, but there is substantial evidence that most, if not all, of this loss in sales was due to the Korean War and not to the opening of the Farley's Store. There is evidence tending to explain the reduction in the sales volume of the Seymour Store after the opening of each of the additional stores by appellee on grounds other than the opening of such stores. The Dailey Store, acquired by appellee, although next door to the Seymour Store was in operation as a competing retail credit clothing store during all of the ten years that Ofsowitz had been in San Antonio, and the only difference was that it came under the management of appellee in 1956. There was testimony to the effect that the sales in all of the Askin Stores in San Antonio were off during 1956 due to a general business condition.

There was no provision in the contract that appellee, The Askin Stores, was not to open or acquire other stores in San Antonio. If the opening of such other stores is to be held so repugnant to the contract as to deprive appellee of the right to equitable relief it must be because of resulting injury to or destruction of rights of appellant under the contract. Appellant alleged and introduced evidence tending to show such injury in that there was a reduction of sales upon which his income was based, and which he contends was caused by the opening of the additional stores. We are required to view the evidence in its most favorable light to the judgment. Although there is no specific finding of fact to that effect it must be presumed in support of the judgment that the court found that appellant was not damaged by appellee's action in opening the additional stores and that the reduction in sales volume of the Seymour Store was for reasons other than the opening of such stores. As already indicated, the presumed finding is supported by substantial evidence. We overrule appellant's points urging, in effect, that the conduct of appellee, during the life of the contract, was so unfair and inequitable that it is not entitled to equitable relief.

We have carefully examined the record and all points urged by appellant and find no reversible error. The judgment of the trial court is affirmed.