**WEATHERFORD OIL TOOL COMPANY,**
Incorporated, Appellant,

v.

A. G. CAMPBELL et al., Appellees.
No. 16040.

Court of Civil Appeals of Texas.

Fort Worth.

July 10, 1959.

Rehearing Denied Sept. 18, 1959.

Ben Hagman, Weatherford, Baker, Botts, Andrews & Shepherd, and John B. Abercrombie, Houston, for appellant.

Frank E. Fulgham, Borden & Hand and I. B. Hand, Weatherford, for appellees.

BOYD, Justice.

Weatherford Oil Tool Company, Incorporated, petitioned for a temporary restraining order, a temporary injunction, and a permanent injunction restraining A. G. Campbell, B. E. Jordan, and Luke Massengale from soliciting orders for oil and gas well equipment, which is in competition with plaintiff's products including but not limited to scratchers, centralizers, stop collars, cement baskets, drill pipe wipers

and drill pipe protectors, from manufacturing, selling or disposing of equipment, dies, tools, records, accounts, and manufactured products in their shop at Poolville, Texas, and from entering into a business, individually or jointly, offering like merchandise to that of plaintiff, and from associating with any competitor of plaintiff in offering like merchandise to that offered by plaintiff, "in any area where Weatherford Oil Tool Company, Inc., may be operating or carrying on business" for a period of one year from the termination of their employment with plaintiff.

The court granted a temporary restraining order; but when the matter came on for hearing on the application for a temporary injunction, the defendants' special exception to the petition was sustained, and the cause was dismissed. Plaintiff appeals.

According to appellant's petition, it is in the business of manufacturing, distributing and selling certain oil field equipment and supplies, including what is known in the industry as scratchers, centralizers, stop collars, cement baskets, drill pipe wipers and drill pipe protectors, in the several states of the United States in which oil and gas are produced; its products are used by companies in the industry in all of the many areas in which oil and gas wells are being drilled; these areas change from time to time, as fields are drilled up and new producing areas are discovered; appellees had been employed by appellant, and each of them signed a contract by which he agreed that, for a period of one year from the date of the termination of his employment, he would not enter into a business offering like merchandise to that of appellant, nor assist, directly or indirectly, any competitor of appellant in offering like merchandise in any area where appellant may be operating or carrying on business during said one year period.

The court sustained the following exception to the petition: "(b1) Defendants except to the Plaintiff's pleading as a whole

and to the alleged agreement set forth in Paragraph 1 thereof, for the reason that it is void on its face, it being an attempt to restrict the employment of these defendants over the entire United States and the world, which is contrary to law and public policy and unenforcible in this or any other Court."

We think the restrictive covenant is unlimited as to territory and therefore void.

In Martin v. Hawley, Tex.Civ.App., 50 S.W.2d 1105, 1106, no writ history, the court had for consideration a covenant in the words: "I also agree not to engage in a competitive business or in any way become connected with a competitive business for a period of five (5) years." The court said: "The covenant is limited to a period of five years * * *. Does it limit the territory over which it is to be effective to such territory only as was embraced in appellee's personal activities in building up the business of the Electrified Water Company? The covenant does not specifically define any territory in which appellee is denied the liberty of employment, and, if there is such a limitation, it must be that which the language of the covenant implies and necessarily defines. The only language from which such an implication can be read into the contract is that of the term 'competitive business.' Appellant contends that this term only refers to a business competing with the Electrified Water Company in the city of Dallas and its suburbs. Appellee contends that, as the Electrified Water Company may do business anywhere in Texas, the term applies to any territory within this state within which the Electrified Water Company might elect, within the time limit of the contract, to operate its business. * * * To our minds, the term 'competitive business' is merely descriptive, and carries the same meaning as the term 'similar business.' We are of the opinion that the restrictive covenant in the contract forbids appellee from entering the same character of business either as employee, owner, or lessee in a territory in which

the Electrified Water Company has elected or may elect to sell its product, regardless of whether the activities of appellee had developed such territory for such company during his connection therewith, and that such restrictive covenant is void on its face."

It will be seen that the court in Martin v. Hawley construed the contract in that case to mean what the contract in the instant case says it means. Martin v. Hawley has been cited with approval in Star Refining Co. v. Butcher, Tex.Civ.App., 84 S.W.2d 303; Blaser v. Linen Service Corporation of Texas, Tex.Civ.App., 135 S.W. 2d 509, and Wright v. Southern Ice Co., Tex.Civ.App., 144 S.W.2d 933. Authorities from this and other jurisdictions will be found in annotations in 20 A.L.R. 867, 52 A.L.R. 1362, and 67 A.L.R. 993.

The judgment is affirmed.