WEATHERFORD OIL TOOL COMPANY, INCORPORATED V.
A. G. CAMPBELL ET AL.

No. A-7549. Decided December 7, 1960.
(340 S.W. 2d Series 950)

JUSTICES SMITH, GRIFFIN AND HAMILTON concur in part and dissent in part.

*Baker, Botts, Andrews* and *Shepherd,* and *Ben Hagman,* of Weatherford, for petitioners.

*Borden & Hand* and *Frank E. Fulgham,* of Weatherford, for respondents.

MR. JUSTICE WALKER delivered the opinion of the Court.

This action was brought by Weatherford Oil Tool Company, Inc., petitioner, against three of its former employees, who are respondents here, to enforce the following negative covenant contained in contracts executed by the latter at the time of their employment:

"I hereby contract and agree that for a period of one year from the date of the termination of my employment, for any reason, I will neither enter into a business offering like merchandise to that offered by Weatherford Oil Tool Company, Inc., nor assist either directly or indirectly any competitor of Weatherford Oil Tool Company, Inc., or any other person, company or

organization in offering like merchandise to that offered by Weatherford Oil Tool Company, Inc., in any area where Weatherford Oil Tool Company, Inc., may be operating or carrying on business during said one year period."

Respondents excepted to the petition as a whole and to the alleged agreement set out therein on the ground that the covenant is void on its face, being an attempt to restrict their employment over the entire United States and the world. The exception was sustained, and although the petition was thereafter amended, the exception was again sustained. No further pleadings have been filed, the case was dismissed. The Court of Civil Appeals affirmed. 327 S.W. 2d 76.

Petitioner alleged that it is engaged in the business of manufacturing and selling oil field equipment. It operates and sells its products in every state where there is any oil or gas production. Two of the respondents were employed as salesmen. Petitioner trained them in the methods and techniques for the use and installation of its products, furnished them the names of customers and prospective customers, and assigned to each a territory where they called upon customers to solicit orders for and give instructions as to use of equipment sold by the company. The third respondent worked in the office of petitioner's plant at Weatherford. There are no allegations indicating that trade secrets were disclosed to respondents or that their employment was unusual in any other respect. Shortly after termination of such employment, respondents organized a company and began selling certain items of equipment similar to those manufactured by petitioner.

An agreement on the part of an employee not to compete with his employer after termination of the employment is in restraint of trade and will not be enforced in accordance with its terms unless the same are reasonable. Where the public interest is not directly involved, the test usually stated for determining the validity of the covenant as written is whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business and good will of the employer. According to the Restatement, a restraint of trade is unreasonable, in the absence of statutory authorization or dominant social or economic justification, if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted. The period of time during which the restraint is to last and the territory that is included are important factors to

be considered in determining the reasonableness of the agreement. See Annotations 9 A.L.R. 1456, 20 A.L. R. 861, 52 A.L.R. 1362, 67 A.L.R. 1002, 98 A.L.R. 963; Restatement of the Law of Contracts, sections 515, 516; Ofsowitz v. Askin Stores, Inc., Texas Civ. App., 306 S.W. 2d 923 (wr. ref.).

■ It might appear from a casual reading of the present contract that the same is not unlimited as to territory. Respondents agreed that for a period of one year they would not enter into a business selling merchandise similar to that offered by petitioner in any area where the latter might be operating during such period. The size of the included area will depend upon the extent of petitioner's operations, and under the terms of the agreement respondents are free to engage in a similar business in any other territory they might select. There is no assurance, however, that they would be permitted to sell their products there throughout the period of restraint. If petitioner should extend its business operations into such territory, respondents are obligated by their contract to discontinue selling competing merchandise therein for the remainder of the year. Enforcement of the agreement in accordance with its terms would thus effectively prevent respondents from competing with petitioner anywhere in the world for the stipulated period.

In its practical operation, therefore, the covenant amounts to an undertaking by respondents not to compete with petitioner for one year following termination of their employment. There is no territorial limitation that would give them the unrestricted right to engage in a similar business in any area during the period of restraint. It clearly is not necessary for the protection of petitioner's business or good will that its office employees or salesmen be prevented from engaging in a competitive business wherever petitioner may elect to sell its products. See Martin v. Hawley, Texas Civ. App., 50 S.W. 2d 1105 (no writ). As pointed out in Wisconsin Ice & Coal Co. v. Lueth, 213 Wis. 42, 250 N.W. 819, "the restrictive covenant must bear some relation to the activities of the employee. It must not restrain his activities in a territory into which his former work has not taken him or given him the opportunity to enjoy undue advantages in later competition with his employer." In our opinion the covenant is unreasonable as written and cannot be enforced in accordance with its terms, but this does not mean that the exception was properly sustained by the trial court.

■ Since the decisions in Lewis v. Krueger, Hutchinson and Overton Clinic, 153 Texas 363, 269 S.W. 2d 798, and Spinks v.

Riebold, Texas Civ. App., 310 S.W. 2d 668 (wr. ref.), it can no longer be said that a covenant not to compete is void and unenforceable simply because it is not reasonably limited as to either time or area. These cases hold that although the territory or period stipulated by the parties may be unreasonable, a court of equity will nevertheless enforce the contract by granting an injunction restraining the defendant from competing for a time and within an area that are reasonable under the circumstances. While this should have been done in the present case if petitioner was otherwise entitled to equitable relief, the suit for an injunction became moot before the cause could be submitted to the Supreme Court.

■ Petitioner also alleged and prayed for the recovery of damages in the amount of $10,000.00, and it is necessary to determine whether such cause of action may be predicated upon breach of a promise to refrain from competition which cannot be enforced in accordance with its terms. If the agreement is not reasonably limited as to either time or space, the parties are not definitely apprised of their respective rights and duties until a court of equity has carved out an area or a period that is reasonable under the circumstances. It is one thing for the court to do this as an incident to the granting of injunctive relief which operates prospectively and an entirely different matter to reform the contract for the purpose of giving the employer a cause of action for damages. In the latter situation the defendant would be required to respond in damages for what he had done at a time when there was no way of determining, except possibly by an action for declaratory judgment, where or for how long he was legally obligated to refrain from competing. If this were the rule, there would be no reason for the employer even to attempt to make a reasonable contract in the first instance. The agreement could simply obligate the employee never to compete anywhere in the world, and the latter would then be required to choose between engaging in a similar business at his peril or asking a court to do what the parties were quite capable of doing when they prepared the agreement, i.e. write reasonable and enforceable provisions as to both time and area.

We hold that an action for damages resulting from competition occurring before a reasonable territory and period have been prescribed by a court of competent jurisdiction must stand or fall on the contract as written. If the agreement is not enforceable in accordance with its terms because either the time or the area stipulated therein is unreasonable, the employer may obtain injunctive relief but will not be awarded a money re-

covery for anything the employee may have done prior to a judicial declaration of the rights and obligations arising from the contract. No such determination has been made in this case, and the period during which the restraint was to exist has now expired. Since the contract does not contain a reasonable territorial limitation, there is no legal basis for an award of damages for breach of the same.

The Court of Civil Appeals has affirmed the judgment of the trial court dismissing the cause. Since the injunction feature of the case is now moot and the trial court did not err in sustaining the exception in so far as the action for damages is concerned, the judgment of the Court of Civil Appeals must be affirmed. It is so ordered.

Opinion delivered December 7, 1960.

MR. JUSTICE GRIFFIN, joined by JUSTICES SMITH AND HAMILton, concurring in part and dissenting in part.

I agree with the majority that for the purpose of the injunction sought the contract must be held to be reasonable and enforceable and that the injunction action is now moot. Under the case of Lewis v. Krueger, Hutchinson & Overton Clinic, 1954, 153 Texas 363, 269 S.W. 2d 798, restrictive covenants of the nature of the one before us, the time stated must be reduced to a reasonable time in order to uphold the validity of the contract. Spinks v. Riebold, Texas Civ. App. 1958, 310 S.W. 2d 668, wr. ref., extended the above doctrine to the area covered by the contract.

The majority opinion recognizes this principle of law as applicable, and holds that the contract is a valid one as relates to the injunctive relief sought. But after holding that an injunction would have been proper, the majority then holds the identical contract invalid insofar as an action for damages is concerned. Thus, we have in the same lawsuit a contract which is valid and at the same time also invalid.

The majority, in effect, recognizes the well-established principle of law that "whenever possible, contracts will be construed so as to render them effective, rather than ineffective, [and], if a contract is susceptible of two constructions, only one of which will render the agreement valid and effective, that construction will be adopted which will render the contract valid," (13 Texas Jur. 266, 267, section 111, *Contracts*) as applied to the injunctive relief sought, but refuses recognition to the same

well-established rule of law in construing the contract in a suit for damages.

In 17 C.J.S. 627, section 246, the rule is stated that "generally, the tendency of the modern authorities is to reject the fixed rules * * * and to gauge the validity of the contract by the reasonableness of the restraint imposed as necessary to the protection of the covenantee, and as compatible with the public interest." This is not a new doctrine in Texas. In 1932, in the case of McAnally v. Person, Texas Civ. App., 57 S.W. 2d 945, wr. ref., the court approved the doctrine that an agreement not to compete with a former employer in an employment contract would be enforced in so far as it covered a reasonable time and area. That case also approved the holding in the Kentucky case of Ackelbein v. Davey Tree Expert Co., 233 Ky. 115, 25 S.W. 24 62, 64, that a covenant not reasonable would be reduced to what was found to be reasonable in the trial court, and so enforced. The McAnally case further says:

"In the case of Thomas W. Briggs Co. v. Mason, 217 Ky. 269, 289 S.W. 295, [52 A.L.R. 1344], this court pointed out how covenants of the character of the one in question must not be wider than reasonably required for the protection of the employer's business, and restraint must not be broader than is necessary for the protection of the business or good will of the employer. Judge Dietzman in his opinion [in the trial court below] above referred to, expressed the view that the contract under consideration was too broad in its terms, in that its negative covenant restricted the operations of Ackelbein to limits not necessary for the protection of the business of the Davey Company. He held, however, that, although the covenant in question may be too broad, yet, if it can be cut down to what is reasonable, and enforced to that extent, the Davey Company is entitled to such relief as may be necessary for the full protection of its business. Contracts restraining freedom of employment are enforceable when they are reasonable, taking into account the interest of the employer, the employee and the public. * * *"

In discussing this problem, Corbin, in his work *On Contracts*, Vol. 6, p. 487, says: "For a considerable period it seems to have been assumed by some of the American courts that legality of an agreed restraint of trade was determined by the distinction between 'general' and 'limited.'" After discussing this rule he then concludes: "In the best considered modern cases, however, the court had decreed enforcement as against a defendant whose breach has occurred within an area in which restriction would

clearly be reasonable, even though the terms of the agreement imposed a larger and unreasonable restraint." pp. 500-501. See also the opinion of the Court of Civil Appeals in the Krueger, Hutchinson & Overton Clinic v. Lewis case, Texas Civ. App., 1954, 266 S.W. 2d 885(7), where are cited Texas cases which have reduced an unreasonable area to a reasonable one and have enforced the contract in such reduced area. See also Corbin, *On Contracts,* Vol. 6, p. 499, section 1390 and p. 505, Note 59.

I would hold that the trial court could reduce the extent of the territory to an area which was necessary to protect the plaintiff's business against competition of defendants for the one year period prescribed in the employment contract. It is argued that the contract must stand as written and as written it would be void; therefore, no recovery for damages may be had.

I have been unable to find any Texas authority in point. Since the majority cites no authority substantiating their holding on this point, I am sure they could find no cases sustaining their position. The case of Wright v. Scotton, 13 Del. Ch. 402, 121 Atl. 69, 31 A.L.R. 1162, 1923, and the annotation following discussing the power of a court of equity to award damages in an injunction, in my opinion, lays down the correct rule. The point raised by appellants in that case was that the trial court erred in holding that the complainants were entitled to both an injunction and damages. In overruling this point the Court said:

"It cannot be questioned that the chancellor had jurisdiction of the case before us for the purpose of granting an injunction, if he believed the complainants had no adequate remedy at law. The question is: Had he the right to grant not only an injunction against future breaches, but also to award damages for past breaches?

"The court are of the opinion, under practically all recent authorities,—in this country, at least,—that the chancellor had the right to grant both remedies, because both were required to give full relief to the complainants, satisfy all the just requirements of the case, and promote the ends of justice, and are also of the opinion that the chancellor, having the power to award damages sustained by the complainants between the breach of the contract and the granting of the injunction, had the right to direct that an issue of quantum damnificatus be submitted to a jury to ascertain the same.

"If the chancellor had granted injunction only, the com-

plainants would have been compelled to sue in another court for damages, when full relief could be had in the one chancery proceeding. The prevention of multiplicity of suits is one of the reasons for the awarding of damages by a court of equity, when it has jurisdiction of the subject matter."

In answering the certified question, "Under the foregoing facts and the jury verdict, was the appellant entitled to the injunction prayed for, and did the trial court err in refusing to grant it," this court, in the case of Malakoff Gin Co. v. Riddlesperger, (1917), 108 Texas 273, 192 S.W. 530, held that an injunction restraining competition within the terms of a contract would lie where damages were also recovered.

In the case of Miller v. Chicago Portrait Co., 1917, Texas Civ. App., 195 S.W. 619, wr. ref., the court stated that the only question in the case was the validity of the contract entered into by the employee (Miller) restricting his right to compete after severing employment with the Portrait Co. If such contract were valid, did the provision therein contained providing for liquidated damages, take the case out of the jurisdiction of a court of equity to the extent that no injunction could issue? The court, after discussing various authorities, held that a provision for damages did not take the case out of equity jurisdiction, and, therefore, injunction would lie under proper facts.

In the case at bar plaintiff brought a suit for injunction and for damages. This invoked the jurisdiction of the court. On the injunction feature of the case, we have held the trial court should apply the test of reasonableness to the contract, and should reduce the area set out to such area as was reasonable under all the circumstances in order to protect the rights of all parties. It would be an anomaly to hold that in considering the question of damages to be recovered the contract could not likewise be reduced to cover a reasonable area, and, therefore, hold the contract to be valid as to such reasonable area. In this reasonable area such damages as plaintiff could show it suffered during the one year period could be recovered. To apply two entirely different rules to the construction of the same contract between the same parties in the same lawsuit would lead to a multiciplicity of suits, hopeless confusion and inconsistency.

I would reverse the judgments of the courts below and remand the cause to the trial court to determine the amount of damages, if any, to which plaintiff may be entitled.

Opinion delivered December 7, 1960.