**ORKIN EXTERMINATING COMPANY, Inc.,**
Appellant,

v.

**John R. VEAL, Appellee.**

No. 16308.

Court of Civil Appeals of Texas.

Fort Worth.

March 16, 1962.

Rehearing Denied April 13, 1962.

Carrington, Johnson & Stephens, James E. Coleman, Jr., and Gene L. McCoy, Dallas, for appellant.

Rumph, Ivy & Karpenko and Evans J. Karpenko, Fort Worth, for appellee.

MASSEY, Chief Justice.

Plaintiff Orkin Exterminating Company, Inc. was formerly the employer of defendant John R. Veal. Plaintiff discharged the defendant and he started in business with another doing the same kind of work he had been performing as plaintiff's employee. By written covenant made a condition of employment defendant had agreed not to compete with plaintiff for a period of two years following termination of his employment, at certain stated locations. Plaintiff made demand upon defendant that he honor the obligation of his negative covenant and filed suit for injunction following defendant's refusal.

Trial before the court upon the plaintiff's right to permanent injunction resulted in a judgment denying any relief. The plaintiff appealed.

Judgment reversed. Cause remanded to the trial court for entry of judgment.

■ We believe to be enforceable by injunction any promise made by an employee, as a condition upon which his employer consents to employ him or maintain him in employment status, that he will not for himself or for others engage in a similar or competing business for a reasonable time after the termination of the employment and within a reasonable area. At least this is true where the public interest is not directly involved, nor where the promise exacted does not effect or form part of a plan to effect a monopoly. Restatement of the Law, Contracts, sec. 516 "Instances of Reasonable Restraints", followed by Weatherford Oil Tool Company v. Campbell, 1960, 161 Tex. 310, 340 S.W. 2d 950.

Evidence in the instant case indisputably establishes that the defendant consented to the negative covenant, in his agreement not to compete with plaintiff, upon the premise that there existed necessity as of such time for protection of the business or good will of such employer. Defendant had never engaged in business like unto that of the plaintiff, prior to the time plaintiff first employed him. It seems to us that since it was not even sought to be shown in the evidence that circumstances and conditions had so changed since the covenant was made that enforcement thereof had become unnecessary to the protection of the business or good will of such employer, the continuance of such necessity should be legally presumed. In any event it is conclusively established in the record that in some places, and particularly as applied to certain former customers and prospects of the plaintiff, the defendant's competition with plaintiff is proving destructive to the good will built up by the latter. Nothing of record demonstrates that plaintiff's hands are other than clean, and its plea was timely and proper to be heard by a court of equity.

It therefore was legally established by the record made in the trial court that plaintiff was entitled to its relief by way of injunction with the requisite that the writ be reasonably limited as to time and area.

It has been determined that although the territory or period stipulated by the parties may be unreasonable, a court of equity will nevertheless enforce the contract by granting an injunction restraining the ex-employee from competing for a time and within an area reasonable under the circumstances. See language of Judge Walker in Weatherford Oil Tool Company v. Campbell, 1960, 161 Tex. 310, 340 S.W.2d 950, 952, analyzing the state of the law since the cases of Lewis v. Krueger, Hutchinson and Overton Clinic, 153 Tex. 363, 269 S.W. 2d 798, and Spinks v. Riebold, 1958 (Tex. Civ.App., El Paso), 310 S.W.2d 668.

The propriety of the time limitation of the covenant in the instant case is not a matter of question. What is a matter of question is the reasonableness of its limitation as to area. Actually, the evidence raised an issue upon the necessity of enforcement of the negative covenant for the protection of the business or good will of the plaintiff only as to Waco, Wichita Falls, Mineral Wells, Cleburne, Jacksboro, Fort Worth, and Decatur, in the State of Texas, and a radius of 25 miles of such towns. These places were among those contracted upon by the parties, the others so contracted upon having been shown as places where the defendant was not competing or threatening to compete, or where he had not worked during the latter part of his period of employment by plaintiff, nor had access to its list of customers. See Denny v. Roth, 1956 (Tex.Civ.App., Galveston), 296 S.W.2d 944, error refused. Plaintiff concedes before this court that it could be entitled to relief sought only in the cities listed above, and the radius of 25 miles around them.

We believe that determination upon the matter of the area in which the injunction should be made effective involves judicial discretion to be exercised by the trial court upon findings and conclusions to be made.

 In view of what we have said the judgment will be reversed. The cause is remanded to the trial court for entry of a judgment awarding writ of injunction in behalf of plaintiff and against the defendant for the remaining period of the parties' contract of restrictive covenant, limited to such area as the trial court shall deem proper (under the evidence already heard) and as the court in its discretion shall deem necessary for the protection of the business or good will of the plaintiff.