**LESIKAR CONSTRUCTION COMPANY,**
Appellant,

v.

**Dan Ray PARRISH, Appellee.**

No. 4463.

Court of Civil Appeals of Texas,
Eastland.

June 25, 1971.

Garret & Nation, Fred D. Nation, Jr., Ft. Worth, for appellant.

Tillman, Darwin & Rutledge, Earl Rutledge, Ft. Worth, for appellee.

WALTER, Justice.

Lesikar Construction Company filed suit against Dan Ray Parrish for a temporary injunction and damages for breach of a covenant not to compete in an employment contract between Lesikar and Parrish. The court denied the injunction and Lesikar has appealed.

Parrish went to work for Lesikar, a general construction contractor, as a job superintendent in March 1968. On April 1, 1969 the parties entered into a written contract of employment which contained the following provision:

"Individual understands that the Company is in the construction business and other related businesses pertaining to construction and the Individual agrees that, on the termination of this contract of employment, he will not own or operate any company or business offering or performing the same type of any service as that performed by the Company within one hundred (100) miles of Fort Worth, Tarrant County, Texas, for a period of two (2) years, and that he will not contact any account handling this same type of business, either in person, by writing, or by telephone and by the acceptance of employment under this contract, he thereby binds himself to these stipulations and agreements. Individual further agrees that he will not go to work for a client of Company nor will he work for any company that is in the same or any related business of construction or any other related business as performed by the Company on the termination of this contract within the same one hundred (100) miles of Fort Worth, Tarrant County, Texas, for a period of two (2) years."

**644**

On January 28, 1970, Parrish terminated his employment with Lesikar and went to work for Elbert Gunn Construction Company. He was a project superintendent, estimator and general employee for Gunn.

 The purpose of a temporary injunction is to maintain the status quo of the subject matter of a suit pending a trial on the merits. Camp v. Shannon, 162 Tex. 515, 348 S.W.2d 517 (1961). In Weatherford Oil Tool Company v. Campbell, 161 Tex. 310, 340 S.W.2d 950 (1960) the Court said:

"An agreement on the part of an employee not to compete with his employer after termination of the employment is in restraint of trade and will not be enforced in accordance with its terms unless the same are reasonable. Where the public interest is not directly involved, the test usually stated for determining the validity of the covenant as written is whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business and good will of the employer. According to the Restatement, a restraint of trade is unreasonable, in the absence of statutory authorization or dominant social or economic justification, if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted. The period of time during which the restraint is to last and the territory that is included are important factors to be considered in determining the reasonableness of the agreement."

Appellee contends appellant does not have a point of error in its brief that the court abused its discretion. We find this contention to be correct, however, after Lesikar's points are considered with the statement and argument, it is clear that it is contending the court abused its discretion in failing to grant a temporary injunction.

We find that Lesikar has failed to discharge its burden of establishing that the trial court abused its discretion in failing to grant a temporary injunction. Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460 (1952).

The judgment is affirmed.