Larry J. VOORHEES, Appellant,

v.

Charles L. JOHNSON, Individually and dba Johnson-Amason Sales Agency, Appellee.

No. 7839.

Court of Civil Appeals of Texas, Beaumont.

June 17, 1976.

Rehearing Denied July 8, 1976.

George D. Jones, Robert G. Chappell, Abilene, for appellant.

Milton L. Bankston, James V. Hammett, Jr., Austin, for appellee.

DIES, Chief Justice.

In April 1975, appellant Larry J. Voorhees, signed a contract with Charles L. Johnson, d/b/a The Johnson-Amason Sales Agency, appellee, which contained the following covenant:

"During the period commencing with the date hereof and ending three years after the termination of his representa-

tion of Company, Representative covenants and agrees that he will not directly or indirectly for his own account or benefit, or for the account or benefit of any other person or party, engage or have any interest in as owner, partner, employee, agent, shareholder or otherwise, any business, enterprise or entity engaging in any business or activity in the United States which is in any way competitive with Company."

Appellee employed agents such as appellant to sell insurance annuities that qualified as tax deductions for retirement benefits for the self-employed, commonly known as the "Keough plan" [H.R. 10]. Appellee purchased mailing lists of self-employed persons, to whom he sent a "sales kit" which he had developed and written. When the addressee responded favorably, an agent was given the "lead" hopefully to conclude the sale of an annuity. Shortly after signing the contract, appellant went to California and proceeded with another to form his own business using appellee's sales kit, and hiring some of appellee's agents. Appellee brought suit below for, among other things, a temporary injunction to prohibit competitive activity by appellant. After a hearing, the court ordered a temporary injunction as follows:

"It is accordingly ordered that the Clerk of this Court issue a writ of injunction pending final hearing and determination of this cause restraining and enjoining Larry J. Voorhees, Defendant, individually or as the agent, employer, partner, associate, representative, or employee of another, from in any way or manner, directly or indirectly, and within the states of Texas, South Dakota, Oklahoma, North Dakota, New Mexico, Nevada, Nebraska, Minnesota, Mississippi, Missouri, Alabama, Arizona, Arkansas, California, Colorado, Florida, Illinois, Indiana, Iowa, Kansas, and Louisiana, competing with Plaintiff for his own account or benefit or for the account or benefit of any other person or party:

"(1) in the sale of insurance in any form whatever, including without limitation, the sale of annuity contracts, or

any other form of self-employed retirement plan;

"(2) by inducing representatives of Plaintiff to terminate their employment with Plaintiff;

"(3) by employing or engaging in business with any person known by Defendant to be a representative or employee of Plaintiff on subject to a contract with Plaintiff not to compete with Plaintiff;

"(4) by using or allowing others to use the sales material or customer leads copied or prepared by Defendant from the materials furnished to Defendant by Plaintiff."

From this temporary injunction, representative Voorhees has appealed. Among his points is one that contends the injunction is too broad and goes beyond what is reasonably necessary to protect the business and goodwill of appellee.

■■■ An agreement on the part of an employee not to compete with his employer after termination of the employment is in restraint of trade and will not be enforced in accordance with its terms unless the same are reasonable. The test for determining the validity of the covenant as written is whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business and goodwill of the employer. *Weatherford Oil Tool Company v. Campbell*, 161 Tex. 310, 340 S.W.2d 950 (1960). It is the former employer's burden of proof to show what is reasonably necessary to protect his business. *Denny v. Roth*, 296 S.W.2d 944, 947 (Tex. Civ.App., Galveston 1956, writ ref'd). The area restriction must be reasonable. *American Speedreading Academy, Inc. v. Holst*, 496 S.W.2d 133 (Tex.Civ.App., Beaumont 1973, no writ).

■■ The proof here does not support a restrictive area of twenty-one states. Appellant did not know the states in which he was licensed. He was vague and unsure what states he was operating in. It seems doubtful that in several of the states listed he had any business. He was not sure how

many employees he had. Apparently appellant only sold "Keough" plans and a hospitalization known as "Self Medicare," and yet he is enjoined from competing with appellee "in the sale of insurance in any form whatever."

We recognize that we could reform this contract. See *Weatherford*, supra at 952 and authorities cited, but the proof is just insufficient for us to determine what is reasonably necessary as laid down by *Weatherford*. For that reason, we remand this cause for a new hearing. Appellant's point above set out is sustained.

REVERSED and REMANDED.

STEPHENSON, J., not participating.