**CARDINAL PERSONNEL, INC. dba Business Men's Clearing House Personnel Consultants, Appellant,**

v.

**Sheila A. SCHNEIDER aka Sheila Foster, Appellee.**

No. 1525.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Dec. 15, 1976.

C. Pat Ellis, Ray Keller, Houston, for appellant.

Timothy A. Tyler, Bellaire, for appellee.

COULSON, Justice.

Cardinal Personnel, Inc., dba Business Men's Clearing House Personnel Consultants, (hereinafter Cardinal) appeals from an order denying its application for a temporary injunction seeking to restrain Shelia A. Schneider aka Sheila Foster (hereinafter Schneider) from violating covenants in an employment contract. The order of the trial court is affirmed.

Schneider worked for Cardinal as an employment consultant from May 15, 1974 until she quit on the 18th of March, 1976, and immediately commenced working for Richard LaSorsa as an employee placement counselor. LaSorsa's employment agency is located a few miles from Cardinal's office.

Cardinal alleges that Schneider is violating two covenants in her employment contract dated July 1, 1974. First, that she is engaging in the employment agency business within the proscribed period of time and geographic area. Second, that she has and will continue to contact clients of Cardinal within the proscribed time period. Since these two covenants are effective for different lengths of time, we must distinguish between the two alleged breaches of those covenants.

The covenant not to engage in the employment agency business provides:

6. A. It is understood and agreed that in the event of the cancellation of this agreement, and/or the termination of employment hereunder, EMPLOYEE shall not, for a period of 6 months from the date of said termination of employment, engage in the employment agency business, directly or indirectly, or as an owner, operator, partner, officer, director, shareholder, employee, or contractor of another employment agency, situated or operated within a radius of 100 miles, in any direction, from a pri-

vate employment agency owned by EMPLOYER, wherein EMPLOYEE is last employed at the time of termination of his employment hereunder.

B. In the event EMPLOYEE is in violation of any of the terms and conditions of sub-paragraph A above, the 6-month period of proscription from engaging in the same business as that of the EMPLOYER as set forth in said sub-paragraph A shall commence on the date that EMPLOYEE ceases to be employed or engaged in violation thereof, whether voluntarily or by injunction.

Schneider filed a motion to dismiss the appeal as moot predicated upon the fact that more than six months has expired since she terminated her employment. Cardinal contends that under 6(B) of the employment contract, the six-month period of proscription from engaging in the employment agency business will not commence until the date that Schneider ceases to be employed or engaged in violation of her contract, whether voluntarily or by injunction. This appeal is not moot because Schneider is currently engaged in the employment agency business, and no injunction has issued restraining her from so doing.

Paragraph 6(B) is in conflict with 6(A) which provides that the six-month period shall run "from the date of the said termination of employment . . . ." Cardinal's position can be sustained only if paragraph 6(B) is valid and governs any conflict with 6(A). The position taken by Cardinal is rejected.

Covenants not to compete when ancillary to employment contracts involving trades or professions have been enforced in this State provided the covenants are reasonably limited as to duration and area. *Carl Coiffure, Inc. v. Mourlot,* 410 S.W.2d

209, 211 (Tex.Civ.App.—Houston [1st Dist.] 1966, writ ref'd n.r.e.). Although the territory or period stipulated by the parties may be unreasonable, a court of equity may enforce the covenant by reducing the territory or period to what is reasonable under the circumstances. *Weatherford Oil Tool Company v. Campbell,* 161 Tex. 310, 340 S.W.2d 950, 952 (1960).

This court is not faced with a situation where the parties failed to include any time period in the covenant or selected a period of too long a duration to be enforceable. If that were the situation, the covenant could be enforced after a reasonable reformation of its terms. *Weatherford, supra.* The covenant before this court is not susceptible to reformation because the covenant constructs a time frame ascertainable only by hindsight; i. e., the duration of the covenant cannot be determined until the jurisdiction of the trial court is invoked and its equity powers exercised. Hence, paragraph 6(B) prohibits a former employee from engaging in any employment agency business for an indefinite and indeterminable period. If an injunction were issued against Schneider today enjoining her from engaging in the employment agency business for six months from the date of that injunction, the injunction would not expire until more than a year from the date she terminated her employment. Such a result is inconsistent with the clear language of paragraph 6(A) and would not be anticipated by the ordinary employee entering into such an agreement. Such a result is neither definite nor reasonable. This court holds that a covenant not to compete for a period of time which will not commence until an injunction is issued is unenforceable and void as contrary to public policy.[1]

Paragraph 6(B) is disregarded as unenforceable and void. This court will determine whether the trial court abused its discretion in not enforcing the covenant in

1. *But cf. Arrow Chemical Corporation v. Pugh,* 490 S.W.2d 628 (Tex.Civ.App.—Dallas 1972, no writ). In a case decided without trial testimony or appellate brief on behalf of the employee, the court of civil appeals instructed the trial court to enforce a covenant similar to the one presented here. To the extent that the decision is contrary to the holding of this court, we respectfully disagree.

paragraph 6(A). Any alleged breach of paragraph 6(A) is no longer material, because the six-month period expired during the pendency of this appeal. However, we would refuse to enforce this covenant as written even if the time period contained therein had not expired. Cardinal urges that under her contract, Schneider has agreed not to *engage* in any employment agency business, irrespective of whether she would thereby actually *compete* with her former employer. As enunciated in *Weatherford, supra*:

> [T]he test usually stated for determining the validity of the covenant as written is *whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business and good will of the employer.* According to the Restatement, *a restraint of trade is unreasonable*, in the absence of statutory authorization or dominant social or economic justification, *if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted.* 340 S.W.2d at 951. [Emphasis added.]

In *Weatherford,* the supreme court refused to enforce a covenant as written because the restraint was "not necessary for the protection of petitioner's business or good will . . . ." *Id.* at 952.

It was undisputed that some 300 employment agencies conduct business in Harris County. As a consequence of Houston's diverse job market, these agencies do not necessarily compete with one another. Most of Cardinal's clients were acquired through newspaper advertisements and placed in relatively low-income trainee positions. To the contrary, LaSorsa's agency infrequently used newspaper advertising and placed clients primarily in high-salaried professional or managerial positions. The most that was established by Cardinal was a slight overlap between the two agencies. Cardinal failed to establish that it was harmed by Schneider's engaging in a noncompeting employment agency business. As a corollary, Cardinal failed to demonstrate how it would be protected or benefitted if Schneider were enjoined from engaging in a noncompeting business.

The covenant not to engage in any type of employment agency business will not be enforced if it is "any greater restraint than is reasonably necessary to protect the business and good will of the employer." *Id.* at 951. The broad covenant set forth in paragraph 6(A) is excessive in protecting the business and good will of Cardinal. The covenant constitutes an unreasonable restraint of trade, unnecessary infringement upon personal freedom, and should not be enforced. *Weatherford, supra.*

 Cardinal alleges that Schneider is violating a second covenant in her employment contract, to-wit:

> 6. C. Without intending to limit the generality of any of the foregoing, EMPLOYEE does further agree that in the event of termination of employment hereunder, EMPLOYEE shall not, for a period of one year from and after termination of employment hereunder, contact any clients of EMPLOYER, which persons, firms or corporations were clients of EMPLOYER prior to or during EMPLOYEE's term of employment hereunder.

Testimony adduced at trial established that Schneider contacted John Schmitz concerning a position available in Dallas which he did not pursue. Schmitz, an electrical engineer, was a former client of Cardinal's, and was currently employed by Cardinal as an employment consultant. He worked with Schneider when she was employed with Cardinal. Cardinal asserts that Schmitz is still a "client", as defined in the employment contract,[2] and that Schneider's contact with Schmitz constituted a breach of the covenant in paragraph 6(C).

---

**2.** Paragraph 4 of the contract provides:

It is understood and agreed by EMPLOYEE that all applicants seeking employment, or persons for whom EMPLOYER has found positions of employment prior to or during EMPLOYEE's term of employment, and all per-

A temporary injunction should not be granted unless the applicant shows a probable right to permanent relief and also shows that a probable injury will result unless the injunction is entered during the pendency of the suit. *Oil Field Haulers Ass'n v. Railroad Commission,* 381 S.W.2d 183 (Tex. Sup.1964); *Manning v. Wieser,* 474 S.W.2d 448, 449 (Tex.Sup.1971); *Armendariz v. Mora,* 526 S.W.2d 542, 543 (Tex.Sup.1975); *see* 6 Texas Practice, *Remedies,* §§ 113, 114 (2 ed. 1973). The decision of the trial court in either granting or refusing the temporary injunction will not be reversed upon appeal unless the trial court has abused its discretion or failed to apply the law correctly to undisputed facts. *Manning, supra,* at 449. Upon consideration of the entire record in this case, this court fails to find an abuse of discretion by the trial court.

The order denying a temporary injunction is affirmed.

.sons, firms, companies, governmental agencies, and agents thereof, seeking employees, or with whom employees have been placed by EMPLOYER, prior to or during EMPLOYEE's term of employment, are clients of EMPLOYER, and will be hereinafter referred to as "clients" of EMPLOYER.