**Norma Jean WADDELL, Appellant,**

v.

**Shirley Gao LEE, Appellee.**

**No. 1753.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Feb. 1, 1978.

James E. Tatum, Houston, for appellant.

Charles J. Michael, Houston, for appellee.

CIRE, Justice.

Norma Jean Waddell appeals from an order denying her application for a temporary injunction to prohibit appellee, Shirley Gao Lee, from operating a competitive business within a twenty mile radius of appellant's business.

Appellee is a refugee from Red China. She came to the United States in 1975. She spoke English but had problems with reading. On September 28, 1976 appellee signed a contract to teach as a ballet instructor for appellant's dance studio. The term of the contract was for nine months. The contract contained a non-competition clause which stated that upon termination of employment the appellee could not operate a similar business for a period of five years within a twenty mile radius of appellee's business. It was a part-time employment contract; Mrs. Lee would teach ballet class at appellant's place of business for approximately four to five hours per week. In January of 1977 a conflict developed between the parties and escalated to such an extent that appellee either quit or was fired. In late May 1977 appellee's husband opened a dance studio several miles from appellant's studio and appellee became its artistic director. Evidence in the record indicates that several patrons of the appellant's studio switched to appellee's studio. Additionally, advertisements for appellee's studio appeared in the local Pasadena paper, the Pasadena Citizen.

On June 28, 1977 appellant filed her original petition for temporary injunction, which was denied.

 Appellant, in her brief, asserts a single point of error, claiming that the trial court abused its discretion by refusing to grant the temporary injunction. We affirm.

In an appeal from a judgment granting or denying a temporary injunction, the Appellate Court is required to review the evidence, and to draw legitimate inferences from the facts in evidence, in the light most favorable to the trial court's judgment. If such a review of the evidence will support any findings of fact that would, in turn, support the trial court's judgment, those findings are implied in the judgment, itself.

*Erickson v. Rocco*, 433 S.W.2d 746, 750 (Tex. Civ.App.—Houston [14th Dist.] 1968, writ ref'd n. r. e.). Whether appellee understood the terms of the contract and agreed to the non-competition clause was in dispute. The trial court could reasonably have concluded that she did not understand and agree to those terms. Also, the terms of such a covenant must be reasonably necessary to protect the business and good will of the employer. *Weatherford Oil Tool Company v. Campbell*, 161 Tex. 310, 340 S.W.2d 950 (1960). The appellant must prove by satisfactory evidence both the necessity and reasonableness of the covenant. *Custom Drapery Co., Inc. v. Hardwick*, 531 S.W.2d 160 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ); *see Denny v. Roth*, 296 S.W.2d 944 (Tex.Civ.App.—Galveston 1956, writ ref'd). The trial court could properly have concluded that the appellant failed to prove one or more elements sufficient to invoke the court's equitable remedy of temporary injunction.

We have examined the record and conclude that the trial court did not abuse its discretion by denying Ms. Waddell's application for temporary injunction.

Affirmed.