FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

3/26/2015 9:16:02 PM

KEITH E. HOTTLE
Clerk

# EXHIBIT A

12427086v.1

**IN THE COURT OF APPEALS FOR THE
FOURTH DISTRICT OF TEXAS
SAN ANTONIO, TEXAS**

**ARGO GROUP US, INC., COLONY MANAGEMENT SERVICES, INC.,
COLONY INSURANCE COMPANY, COLONY NATIONAL INSURANCE
COMPANY, COLONY SPECIALTY INSURANCE COMPANY, COLONY
AGENCY SERVICES, INC., AND ARGO GROUP INTERNATIONAL
HOLDINGS, LTD.,**

**Appellants,**

**v.**

**LOUIS D. LEVINSON, INTERNATIONAL FINANCIAL GROUP, INC.,
GUILFORD SPECIALTY GROUP, INC., GUILFORD INSURANCE
COMPANY, AND THE BURLINGTON INSURANCE COMPANY,**

**Appellees.**

**Appeal from the 221st Judicial District Court, Bexar County, Texas
Trial Court Cause No. 2014-CI-09550
Hon. Antonia Arteaga, Presiding**

**SURREPLY TO APPELLANTS' REPLY TO APPELLEES' RESPONSE TO
APPELLANTS' MOTION FOR REHEARING**

Appellees Louis D. Levinson ("Levinson"), International Financial

Group, Inc. (together with its affiliates, "IFG"), Guilford Specialty Group, Inc.,

12427086v.1

Guilford Insurance Company, and The Burlington Insurance Company (collectively "Appellees") hereby submit this surreply in opposition to Appellants' Reply to Appellees' Response to the Motion for Rehearing and state as follows:

Appellants ask this Court to rehear their appeal, insisting that they are entitled to an order <u>firing</u> Levinson from his employment with IFG, a job he has held for over seven months. Appellants do not and cannot dispute that, following the trial court's denial of their request for temporary injunction, Levinson's non-compete obligations expired by their own terms on August 25, 2014. Appellants also cannot dispute that they did not seek a stay pending appeal nor did they ask this Court for an emergency injunction pending appeal before Levinson lawfully began work for IFG one day after the non-compete expired, on August 26, 2014. Today, more than seven months later, Appellants still have not pointed to <u>any</u> court, in <u>any</u> jurisdiction, that has ever issued an order removing an employee from his position in order to retroactively effect an "equitable extension" of an expired non-compete.

In a last ditch effort to resurrect their appeal, Appellants dredge up an unpublished case from the appeals court in Dallas, *Nationsbuilders Insurance Services, Inc. v. Houston International Insurance Group, Ltd.*, No. 05-2-01103-CV, 2013 WL 3423755 (Tex. App.—Dallas 2013) (not designated for publication). But that case does not help them. After citing *Weatherford Oil Tool Co. v. A.G.*

12427086v.1

*Campbell*, 340 S.W. 2d 950, 952 (Tex. 1960), the court there decides that the appeal is not moot under <u>Delaware</u> law. *See Nationsbuilders* at \*1 ("The parties also agreed that <u>Delaware</u> law would apply to any disputes between the parties . . . ." (emphasis added)). But this case, unlike *Nationsbuilder*s, is controlled by <u>Texas</u> law. And *Weatherford Oil* instructs that, as a matter of Texas law, this appeal is moot. *Weatherford Oil*, 349 S.W.2d at 953.[1]

Appellants' assertions regarding the preservation of the status quo are similarly strained. The status quo in this case—the "last, actual, peaceable, <u>noncontested</u> status which preceded the pending controversy," *Transp. Co. of Texas v. Robertson Transports, Inc.*, 261 S.W.2d 549, 553-54 (Tex. 1953) (emphasis added)—was that Levinson was bound by a non-compete clause only until August 25, 2014. Levinson and IFG have never contested that. But they

---

[1] It is noteworthy that the court in *Nationsbuilders* was reviewing an <u>arbitrator's</u> award under the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and properly afforded the arbitrator's award great deference. *See SSP Holdings Ltd. P'ship v. Lopez*, 432 S.W.3d 487, 492 (Tex. App.—San Antonio 2014) ("An arbitration award is presumed valid and entitled to great deference and our review of the arbitration award is extraordinarily narrow." (internal quotations omitted)); *see also Centex/Vestal v. Friendship W. Baptist Church*, 314 S.W.3d 677, 683 (Tex. App.—Dallas 2010, pet. denied) (even a mistake of law or fact by the arbitrator does not justify vacating the award). Here, in sharp contrast, this Court must pay great deference to the trial court's decision not to grant a temporary injunction. *See Morgan Stern Realty Holdings, LLC v. Horizon El Portal, LLC*, No. 04-14-00208-CV, 2014 WL 2531980, at \*3 (appellate court may reverse trial court's decision to deny a temporary injunction only for a "clear abuse of [] discretion").

4

have strenuously contested Argo's suggestion that Levinson may be precluded from beginning work <u>after</u> the non-compete by its terms expired, or removed from his job for some period of time under the guise of "equitable extension" of an expired non-compete. Thus, the last "actual, peaceable, noncontested status" preceding this suit is not, as Argo insists, that Levinson was prohibited indefinitely from returning to work. The last noncontested status quo was that Levinson was subject to a non-compete provision until August 25, 2014.

Even as to Appellants' proffered status quo, their lack of diligence in seeking to maintain their proffered status weighs heavily against this Court making an exception to its mootness doctrine and holding that Levinson can be removed from his job and prevented from working for some additional period of time. Appellants had ample opportunity to preserve the proffered status quo <u>before</u> the expiration of Levinson's non-compete obligations, but delayed in seeking relief. Argo's attorneys first sent a letter to Levinson in September 2013, expressing "serious concerns" that he had breached his contractual obligations. *See* Merits Brief of Appellees at 49 n.19. But then they waited another nine months to file suit. And even after filing suit two months before Levinson's non-compete was set to expire, Appellants delayed again, setting a temporary injunction hearing a mere <u>11 days</u> before the covenant's expiration. And after their motion for a temporary injunction was denied, Appellants did not ask the trial court for a stay pending

5

appeal, and did not seek an emergency order from this Court enjoining Levinson from working until this Court could address the issues. This Court should reject Appellants' attempt to take advantage of their own delay and their effort to persuade this Court to exercise its extraordinary equitable power to remove Levinson from his employment. Equity "aids the diligent and not those who slumber on their rights." *In re Laibe Corp.*, 307 S.W.3d 314, 318 (Tex. 2010); *see also RenewData Corp. v. Strickler*, No. 03-05-00273-CV, 2006 WL 504998, at *5 (Tex. App.—Austin 2006) (not designated for publication) ("Thus, if [appellant] was itself responsible for the delayed enforcement of the covenant not to compete, the district court may properly deny the equitable relief requested.").

Appellants, moreover, try to draw too fine a line in their attempts to distinguish cases in other contexts in which courts have held appeals moot once the disputed action has occurred. Appellants are correct, of course, that, in a case like *Toudouze v. Urban Renewal Agency of San Antonio*, 404 S.W.2d 821 (Tex. Civ. App.—San Antonio 1966, writ ref'd n.r.e.), a court could not order a party to undemolish buildings. But similarly here, IFG cannot unhire Levinson, and the work he has done over the past seven months following the expiration of his non-compete cannot be undone. As this Court recognized, Argo's proper remedy for any alleged past violation of the non-compete, if any such violation resulting in economic harm can be proved, is damages. *Argo Grp. US, Inc. v. Levinson*, No.

6

04-14-00606-CV, 2015 WL 196174, at *2 n.1 (Tex. App.—San Antonio 2015) (not designated for publication); *see also* Tex. Bus. & Com. Code Ann. § 15.51(a). Indeed, a full trial on the merits is scheduled for October 12, 2015.[2] But as to injunctive relief, because "the thing [Appellants] were trying to prevent from happening has already happened," Argo's request for a temporary injunction is now moot. *Toudouze*, 404 S.W.2d at 821; *see also Weatherford Oil*, 340 S.W. 2d at 952.

Finally, Appellants' argument that IFG has taken a "we got away with it" approach is way off base. First, Levinson did not begin working for IFG until after his non-compete expired and after the trial court ruled following a three-day evidentiary hearing that Argo was not entitled to a temporary injunction that would bar him from working for IFG after its expiration. And second, if Levinson violated the terms of his non-compete and Argo suffered monetary harm, it can seek damages, as this Court has recognized.

## CONCLUSION

Appellants' appeal is moot, and is not somehow revived because Appellants requested an equitable extension below. But, even if the appeal were not moot, the lower court did not abuse its discretion and the denial of the

---

[2] Argo has even delayed the trial. IFG sought a trial date of May 18; Argo persuaded the district court that the trial should be delayed for five months, until October 12.

12427086v.1

temporary injunction should be affirmed.  Appellants' Motion for Rehearing should therefore be denied.

Respectfully submitted,

/s/ Julia W. Mann_____

| | |
|---|---|
| Lawrence Morales, II | Julia W. Mann |
| State Bar No. 24051077 | State Bar No. 00791171 |
| The Morales Law Firm, P.C. | Jackson Walker L.L.P. |
| 115 E. Travis, Suite 1530 | 112 E. Pecan Street, Suite 2400 |
| San Antonio, TX 78205 | San Antonio, TX 78205 |
| Tel: (210) 225-0811 | Tel: (210) 978-7700 |
| lawrence@themoralesfirm.com | jmann@jw.com |

**ATTORNEY FOR LOUIS D. LEVINSON**

Anthony Herman
*Pro Hac Vice*
Covington & Burling LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001
Tel: (202) 662-5280
aherman@cov.com

**ATTORNEYS FOR APPELLEES INTERNATIONAL FINANCIAL GROUP, INC., GUILFORD SPECIALTY GROUP, INC., GUILFORD INSURANCE COMPANY, AND THE BURLINGTON INSURANCE COMPANY**

12427086v.1