**KIDDE SALES & SERVICE, INC. d/b/a Houston Fire & Safety Equipment Company, Appellant,**

**v.**

**Elmer P. PEAIRSON, Jr., Appellee.**

**No. 16035.**

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 5, 1973.

M. W. Parse, Jr., Stephen C. Dillard, Houston (Fulbright, Crooker & Jaworski, Houston, of counsel), for appellant.

E. H. Thornton, Jr., William L. Burnett, Houston (Wheat, Thornton, Shaw & Stillwell, Houston, of counsel), for appellee.

PEDEN, Justice.

After a non-jury trial, plaintiff company appeals from the partial denial of its application to permanently enjoin its former employee under a written employment agreement not to compete.

The petition of the plaintiff-appellant alleged that it is in the business of selling and servicing fire protection equipment and that when the defendant, Mr. Peairson, applied for employment with the plaintiff on May 26, 1965, he executed a written application which contained this paragraph:

"I further agree that if employed and after working for the company six months or more, elect to quit, I will not participate in the sale or service of fire protection and/or safety equipment in the Counties of Harris and/or Galveston in the State of Texas for a period of two (2) years."

That such paragraph is reasonable and restrains defendant no more than is neces-

sary to protect plaintiff's business and goodwill. That defendant quit his job with the plaintiff company on March 30, 1972 and went to work for Delta Safety and Supply Co., a direct competitor of the plaintiff, and is engaged in sales and service of fire protection equipment in Harris County.

Plaintiff further alleged that it had no adequate remedy at law and prayed that the defendant be enjoined for two years beginning on March 30, 1972 from engaging directly or indirectly in the business of selling and servicing fire protection equipment in Harris and Galveston Counties.

The trial court's judgment recited that after both parties had rested, they stipulated that there were no fact issues to be submitted to the jury and the jury was discharged. The judgment stated that the covenant in question was valid, that Peairson had breached it, that irreparable injury for which plaintiff has no adequate remedy at law has or will be suffered by plaintiff and that a permanent injunction should be granted. It ordered that Peairson be enjoined for two years beginning March 30, 1972 from doing any of the following in Harris and Galveston Counties:

"(1) Selling of fixed or portable fire protection equipment and systems;

"(2) In the field, performing the maintenance, testing, charging, recharging, filling, refilling, repairing or inspecting of portable or fixed fire protection equipment or systems, and

"(3) As to any person or firm to whom or which Plaintiff has sold or serviced portable or fixed fire protection equipment or systems in either of said two counties, Defendant is also enjoined from contacting said person or firm for the purpose of attempting to influence said person or firm to terminate or curtail the performance by Plaintiff of the maintenance, testing, charging, recharg-

ing, filling, refilling, repairing or inspecting said fire equipment or systems." The judgment stated that all relief prayed for by the plaintiff and not specifically granted was denied.

The appellant's points of error assert that the trial court, having determined that the contract was valid and that appellee had breached it, erred

(1) in failing to enjoin the appellee from participating in the sale or service of fire protection equipment in accordance with the terms of the contract and in not enforcing the contract as written,

(2) in limiting the scope of the injunction to certain acts in the field only, and

(3) in failing to enjoin the appellee from installing fire protection equipment, since the term "sales of service" includes installation.

■ The judgment of the trial court recited the findings we have noticed, but the trial judge was not requested to make and did not make formal findings of fact or conclusions of law as provided by Rule 296, Texas Rules of Civil Procedure, so we must affirm the judgment if it can be upheld on any theory of law that finds support in the evidence. Seaman v. Seaman, 425 S.W.2d 339 (Tex.1968).

The record shows that Peairson is now employed by appellant's competitor, Delta, as its shop manager, to run its shop and oversee its service men. An official of the appellant company testified that during the last three years of his employment with appellant, Peairson had been engaged in inspecting, maintaining, testing and repairing fire protection equipment in various business establishments, particularly in restaurants. Peairson testified that in his last three years' work for the appellant he has been doing installation and service work on commercial or kitchen systems, that Delta is not in restaurant installation business

and he has not heard that Delta plans to go into it. He related that as shop foreman for Delta he does his work on equipment in the shop but that he didn't service anything in the appellant's shop in the last three years of his employment there.

Appellant's basic position on this appeal is that with respect to a covenant whereby an employee agrees not to compete, while a trial court is authorized to reduce the time and area provisions of the covenant so as to make it reasonable, the trial court in our case exceeded its authority because it made a new agreement between the parties concerning the operative acts set out in the covenant although both the employer and the employee had been engaged in the activities restricted by the covenant. Appellant complains of the trial court's not having enjoined Peairson from installation work, and asserts that the term "sales and service" as used in the contract was intended to be coextensive with the appellant's business.

"An agreement on the part of an employee not to compete with his employer after termination of the employment is in restraint of trade and will not be enforced in accordance with its terms unless the same are reasonable. Where the public interest is not directly involved, the test usually stated for determining the validity of the covenant as written is whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business and good will of the employer. According to the Restatement, a restraint of trade is unreasonable, in the absence of statutory authorization or dominant social or economic justification, if it is greater than is required for the protection of the person for whose benefit the restraint is imposed or imposes undue hardship upon the person restricted. The period of time during which the restraint is to last and the territory that is included are important factors to be considered in determining the reasonableness of the agreement . . .

"...

"... 'the restrictive covenant must bear some relation to the activities of the employee.'" Weatherford Oil Tool Company v. Campbell, 161 Tex. 310, 340 S.W.2d 950 (1960).

Appellant does not complain of the first restriction on Peairson's activities: i. e., from selling of fixed or portable fire protection equipment and systems. The source of the language used in second restriction, which enjoins him from "in the field, performing the maintenance, testing, charging, recharging, filling, refilling, repairing or inspecting of portable or fixed fire protection equipment or systems," appears to be Article 597a, Vernon's Texas Penal Code. It regulates the servicing of portable fire extinguishers and the installing and servicing of fixed fire extinguisher systems, and provides that the terms "service and servicing" mean servicing portable fire extinguishers or fixed fire extinguisher systems by charging, filling, maintaining, recharging, refilling, repairing or testing.

We affirm the judgment of the trial court. We consider that under the evidence in this case the trial court was justified in presumably finding that imposition of any greater restraint on Peairson would have amounted to more than was reasonably necessary to protect the business and good will of the appellant.

We approve of the trial court's use of specific terms to make clear to the parties the conduct on the part of Peairson which it enjoined. Injunctions which are cast in broad terms may lead to controversy as to their interpretation.

Covenants in an employment contract, by which the employee agrees not to compete with the employer after employment has terminated, are in restraint of trade and are valid only if shown to be within exceptions to the general rule, such as where the good will of the employer's customers had attached to the employee

during the latter's employment and the employee thus had acquired during his employment a special influence with the customer which gave him an advantage over the employer in competition for the customer's business. Similar covenants have been upheld which restricted the former employee's use of that sort of information imparted to him in confidence by the employer which is called trade secrets or business secrets and which concern formulae, methods and other facts used in the business. Grace v. Orkin Exterminating Co., 255 S.W.2d 279 (Tex.Civ.App.1953, writ ref., n. r. e.).

It appears to us that the trial judge has carefully applied these principles of law. Appellant does not predicate its appeal on the training it gave Peairson, but on trade secrets he learned while in its employment.

■ That a former employee was trained by the employer is not a ground for enforcing a restrictive covenant not to compete, even if the training was complex and extensive. Grace v. Orkin Exterminating Co., supra.

■ Matters of general knowledge in an industry cannot be appropriated by one as his secret. Wissman v. Boucher, 150 Tex. 326, 240 S.W.2d 278 (1951).

As to appellant's two principal claimed secrets, it did not establish as a matter of law that Peairson had retained any information as to the prices that appellant charged its customers, and it would appear from the evidence that the appellant's information as to peculiarities of the fire protection systems of its different customers will probably be protected by Peairson's being enjoined from servicing such systems in the field, since portable equipment is largely standardized.

We cannot say that the evidence shows as a matter of law that the trial judge abused his discretion in either carving certain activities (namely, service in the shop) out of the covenant or in not enjoining Peairson from installing fire prevention

equipment. The trial judge had wide discretion to impose reasonable terms, and we consider reasonable his reduction of the broad language used in the agreement not to compete. Thames v. Rotary Engineering Co., 315 S.W.2d 589 (Tex.Civ.App. 1958, writ ref. n. r. e.).

Nor can we say from the evidence that as a matter of law the terms "sales and service" include installation of the equipment.

Affirmed.