**BOB PAGAN FORD, INC., Appellant,**

v.

**Charles T. SMITH, Jr., Appellee.**

**No. 01–81–0715–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

July 22, 1982.

James B. Galbraith, Galveston, for appellant.

R. A. Apffel, Galveston, for appellee.

Before EVANS, C.J., and WARREN and BASS, JJ.

## OPINION

EVANS, Chief Justice.

Bob Pagan Ford, Inc., a retail automobile dealer, brought this action against Charles T. Smith, Jr., one of its former employees, to enforce a written covenant in his employment contract not to compete in the automobile sales business in Galveston County. The trial court granted a temporary injunction, and upon final hearing on the merits, made the injunction permanent for a period of six months retroactive to the date of Smith's termination of employment.

Bob Pagan Ford appeals from the permanent injunction, contending, in effect, that the trial court abused its discretion in holding that the three year covenant not to compete was unreasonably long in duration and that six months was a reasonable period for its enforcement.

The record shows that Bob Pagan Ford hired Smith as an automobile salesman in October, 1979, and that in May, 1981, Smith voluntarily terminated his employment. In January, 1981, several months before Smith left, Bob Pagan Ford required that he sign a written employment contract containing a covenant not to sell automobiles or automo-

bile parts in Galveston County for a period of three years after leaving the company's employ. Smith admitted that on the same day he terminated his employment with Bob Pagan Ford, he went to work as a salesman for a competing automobile dealer. However, he denied that he had ever received any special sales training or customer information from Bob Pagan Ford, other than a list of prospective customers, which he discarded the day he left.

Covenants against competition are not favored by our courts because of the public policy against restraints of trade and the hardships resulting from interference with a person's means of livelihood. *Custom Drapery Company, Inc. v. Hardwick,* 531 S.W.2d 160 (Tex. Civ. App.—Houston [1st Dist.] 1975, no writ). Because such a covenant is in restraint of trade, its terms will not be enforced by the courts unless they are reasonable. *Weatherford Oil Tool Co. v. Campbell,* 161 Tex. 310, 340 S.W.2d 950 (1960).

Whether a restrictive covenant is reasonable as to time and area is a question of law to be determined by the court, *Lewis v. Krueger, Hutchinson & Overton Clinic,* 153 Tex. 363, 269 S.W.2d 798 (1954), usually on the basis of whether the restriction imposes greater restraint on the employee than is reasonably necessary to protect the employer's business and goodwill. *Weatherford Oil Tool Co., supra.* Thus, the trial court must examine the circumstances of each case to determine whether the restrictions sought to be imposed are greater than those required to protect the employer's interests, and whether they impose undue hardship upon the employee. *Smith Protective Services, Inc. v. Robertson,* 560 S.W.2d 174 (Tex. Civ. App.—Houston [1st Dist.] 1977, no writ).

In determining whether a restrictive covenant is reasonable as to duration, the trial court is accorded considerable discretion, and it is appropriate for the court to consider whether the interests which the covenant was designed to protect are still outstanding and to balance those interests against the hardships which would be imposed upon the employee by enforcement of the restrictions. See *LaRocca v. Howard-Reed Oil Company,* 277 S.W.2d 769 (Tex. Civ. App.—Beaumont 1955, no writ). The proceeding is in equity, and the court may reduce the duration of the restrictive covenant to that which it considers reasonable under the circumstances. *Thames v. Rotary Engineering Company,* 315 S.W.2d 589 (Tex. Civ. App.—El Paso 1958, writ ref'd n.r.e.); *Cf. Kidde Sales & Service, Inc. v. Peairson,* 493 S.W.2d 326 (Tex. Civ. App.—Houston [1st Dist.] no writ) (Trial court carved certain activities out of overly broad covenant). Furthermore, even after the rendition of a permanent injunction, the decree may be vacated or modified where the continuance of the injunction is no longer warranted or where circumstances are shown to have so changed as to render its enforcement inequitable. *Carleton v. Dierks,* 203 S.W.2d 552 (Tex. Civ. App.—Austin 1947, writ refused n.r.e.).

The transcript in the case at bar shows that the plaintiff's petition was filed in June, 1981 and that the temporary injunction was entered on August 14, 1981. The permanent injunction was entered on September 3, 1981, and because the injunction was made retroactive to May 16, 1981, the six month period expired in November, 1981. Although notice of appeal was given and the appellate record ordered in September, 1981, no effort was made to accelerate the disposition of the appeal, and the cause was not submitted to this court until June 2, 1982, many months after the expiration of the six-month injunction period.

Upon expiration of the injunction, Smith was at liberty to seek permanent employment in Galveston County in the automobile sales business, and it would be an unreasonable restraint upon his freedom to engage in gainful employment if, at this late date, the injunction should be reinstated and extended. The record tends to support the trial court's determination that a full and liberal application of the contractual restrictions would impose a much more onerous burden on Smith than would, on bal-

ance, be required to protect the business and goodwill of Bob Pagan Ford. Thus, we hold that the trial court did not abuse its discretion in reducing the duration of the restrictive covenant.

The judgment of the trial court is affirmed.