Leroy E. MARTIN, Appellant,

v.

**LINEN SYSTEMS FOR HOSPITALS, INC., et al., Appellee.**

No. 01–83–0342–CV.

Court of Appeals of Texas, Houston (1st Dist.).

May 17, 1984.

John S. Kiibler, Jr., Kiibler & Kiibler, La Porte, for appellant.

Stan Nix, Stan Nix & Associates, Kingwood, for appellee.

Before LEVY, WARREN and DOYLE, JJ.

## OPINION

LEVY, Justice.

Appeal is taken from a judgment temporarily enjoining appellant, Leroy E. Martin, from competing with his former employer, Linen Systems for Hospitals, Inc., doing business as Alamo Linen Service ("Alamo"), for the period of January, 1983, through February 1, 1984, thus enforcing a modified covenant not to compete. Appellant's present employer is Admiral Linen Service ("Admiral"), whose business is in substantial and direct competition with Alamo.

Finding that all terms of the non-competition agreement were enforceable, the trial court modified the length of time in which Martin was restricted from seeking competitive employment from 18 months to one year, and reduced the restricted territory from a 10-mile radius of any business or customer of Alamo to a 10-mile radius of Alamo's principal business office in Houston.

Martin's first point of error contends that the order is overbroad as to the type of work he is restricted from doing. Alamo's "industrial" business was described as comprising about 20% of its total sales, the rest consisting of the "general linen" business. Martin is seeking permission on appeal, as he did in the trial court, to solicit industrial accounts inside Houston. Before working for Admiral Linen, Martin solicited out-of-town industrial accounts for Alamo Linen, and had access to Alamo's customer list and pricing information. About half of Alamo's customers are within a 10-mile radius of their main office, and about 90% of all their customers are in Harris County. Generally, Admiral's and Alamo's industrial territories, as distinguished from their general linen accounts, do not coincide—Admiral's being within, and Alamo's without, the City of Houston. Martin has no official job title with Admiral Linen and it is unclear from the record as to what type of work appellant will do for Admiral.

As a consequence of the trial court not filing findings of fact or conclusions of

law—neither side having requested any— all reasonable presumptions will be indulged in favor of there having been sufficient evidence to sustain the trial court's judgment. *Weber v. Hesse Envelope Co.*, 342 S.W.2d 652 (Tex.Civ.App.—Dallas 1960, no writ).

The purpose of a temporary injunction is to preserve the status quo pending trial on the merits, and the review on appeal is to determine whether the trial court abused its discretion. *Brooks v. Expo Chemical Co.*, 576 S.W.2d 369, 370 (Tex. 1979); *Davis v. Huey*, 571 S.W.2d 859 (Tex. 1978); *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549 (1953).

The test for validity of a non-competition covenant, set forth in *Weatherford Oil Tool v. Campbell*, 161 Tex. 310, 312, 340 S.W.2d 950, 951 (1960), is "whether it imposes upon the employee any greater restraint than is reasonably necessary to protect the business and goodwill of the employer". Covenants against competition are generally not favored by our courts because of the public policy against restraints of trade and the hardships resulting from interference with a person's means of livelihood. *Byers v. Texas—Pecos Abstract Co.*, 18 S.W.2d 1096 (Tex.Civ. App.—El Paso 1929, writ dism'd.); *Custom Drapery Co. v. Hardwick*, 531 S.W.2d 160 (Tex.Civ.App.—Houston [1st Dist.] 1975, no writ). The burden of proving the necessity for and the reasonableness of the non-competition covenant is with the employer. *Custom Drapery Co. v. Hardwick, supra*, at 164.

Where reasonableness has been shown, this Court has granted injunctive relief to protect a former employer's clientele, *Kidde Sales & Serv., Inc. v. Peairson*, 493 S.W.2d 326, 329–30 (Tex.Civ.App.— Houston [1st Dist.] 1973, no writ). Proof of a continued breach of a non-competition agreement by a highly trained employee constitutes prima facie proof of probable injury. *Hartwell's Office World v. Systex Corp.*, 598 S.W.2d 636 (Tex.Civ.App.— Houston [1st Dist.] 1980, writ ref'd n.r.e.).

In Martin's second point of error, he contends that the order is overbroad as to the area in which appellant is restricted from working. When a court finds a noncompetition covenant to be reasonable, it will grant an injunction to enforce the covenant, but if the covenant is excessive or arbitrary, the court may either refuse to enforce the covenant or reform its terms to make them reasonable. *Bob Pagan Ford, Inc. v. Smith*, 638 S.W.2d 176, 178 (Tex. App.—Houston [1st Dist.] 1982, no writ). The trial court modified the instant original covenant not to compete from within a 10-mile radius of any customer of Alamo's, down to a 10-mile radius of Alamo's main offices. There is sufficient evidence to establish that appellant had worked within the 10-mile radius of Alamo's main offices.

The area restriction, as modified by the trial court, appears to be reasonable and consistent with the guidelines suggested by the Supreme Court of Texas. "Reasonableness", said the Court, "... requires a balance of the interests of the employer, the employee, and the public while being mindful of the basic policies of individual liberty, freedom of contract, freedom of trade, protection of business, encouragement of competition and discouragement of monopoly". *Matlock v. Data Processing Security, Inc.*, 618 S.W.2d 327, 329 (Tex. 1981) and cases therein cited.

Instead of invalidating a non-competition covenant whose area restrictions are overbroad, Texas courts have usually reformed the covenant by reducing the area to whatever is reasonable in time and scope under the circumstances, depending largely upon the nature and extent of the employer's business operations. What constitutes a "reasonable" area is generally considered to be the territory in which the employee worked while in the employment of his employer. *Justin Belt Co. v. Yost*, 502 S.W.2d 681, 685 (Tex.1973); *Bob Pagan Ford, Inc., supra*, at 178.

We are not persuaded that the trial court abused its discretion in modifying the area and type of work as to which Martin has been temporarily enjoined from competing with Alamo, and accordingly overrule Martin's first two points of error.

In his third point of error, Martin argues that the trial court abused its discretion in granting the temporary injunction because there is no evidence, or insufficient evidence, to support the finding of probable injury to Alamo.

An injunction may be granted when the employer can provide proof of probable injury. *Hartwell's Office World v. Systex Corp.*, 598 S.W.2d 636, 639 (Tex. Civ.App.—Houston [14th Dist.] 1980, writ ref'd n.r.e.). The applicant for the injunction must show, to demonstrate harm, a noncompensable injury, for which there can be no real legal measure of damages, or none that can be determined with a sufficient degree of certainty. A dollar value cannot easily be assigned to a company's loss of clientele, goodwill, marketing techniques, office stability, etc. *David v. Bache Halsey Stuart Shield, Inc.*, 630 S.W.2d 754 (Tex.App.—Houston [1st Dist.] 1982, no writ). Martin had been directly responsible for the goodwill of Alamo's key accounts. Although Martin testified that he had not, while employed at Admiral, been involved, directly or indirectly, with soliciting any linen accounts, testimony was offered that Alamo lost one major account—Vargo's Restaurant—to Admiral since Martin joined Admiral, even though Alamo's service manager testified that he had no evidence that Martin solicited the account. The trial judge was entitled to conclude that Martin had the potential to be moved into a position with Admiral which could have directly injured Alamo's business, and had to decide whether Alamo's interest in obtaining injunctive relief outweighed the harm caused Martin by granting relief. *Hartwell's Office World, supra.*

To prevail on an application for a temporary injunction, an applicant need only plead a cause of action and show a probable right on final trial to the relief he seeks, and probable injury in the interim. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216 (Tex.1968).

Again, we do not find that the trial court abused its discretion in finding sufficient evidence to support Alamo's claim of probable injury. Martin's third point of error is overruled.

Martin's last point of error is that the temporary injunction order is void and fatally defective in that it violates Tex.R.Civ. Pro.Rule 683, by failing to state sufficiently the reasons for the granting of the injunction.

Compliance with the specificity requirements of Rule 683 is mandatory. *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549 (1953). Reasons given by the trial court for granting or denying a temporary injunction must be specific and legally sufficient, and not be merely conclusory statements. *Smith v. Hamby*, 609 S.W.2d 866 (Tex.Civ.App.—Ft. Worth 1980, no writ); *Charter Medical Corp. v. Miller*, 547 S.W.2d 77 (Tex.Civ.App.—Dallas 1977, no writ). Under Rule 683, there is no requirement that the order state the reasons why the appellee has a probable right to recovery or relief at a trial on the merits. The order need only state the reasons why injury will be suffered in the absence of a temporary injunction. *State v. Cook United, Inc.*, 464 S.W.2d 105 (Tex.1971); *Transport Co. of Texas v. Robertson Transports, Inc., supra.*

In the case at bar, the trial court found that the covenant not to compete was necessary to protect Alamo's goodwill and business, that Martin had violated the covenant and probably would continue to do so, and that Alamo would be harmed unless the temporary injunction were issued, as the status quo could not be maintained without the injunction. Though perhaps these findings could have been more precisely and fully set forth, the thoughtful reasons given constitute sufficient compli-

ance with the specificity requirements of Rule 683. *Gillen v. Diadrill, Inc.*, 624 S.W.2d 259 (Tex.App.—Corpus Christi 1981, no writ); *C.H. Leavell and Co., et al. v. The Leavell Co.*, 570 S.W.2d 404 (Tex. Civ.App.—El Paso 1978, no writ).

Martin's fourth point of error is overruled.

Finding that the temporary injunction imposed no greater restraint than was reasonably necessary to protect Alamo's goodwill and business, we affirm the trial court's judgment granting the temporary injunction.