**LOOMIS INTERNATIONAL, INC., Appellant,**

v.

**William A. PERKINS, Appellee.**

**No. 01–84–0796–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

April 18, 1985.

Douglas W. Sanders, Tony P. Rosenstein, Baker & Botts, Houston, for appellant.

Dalton L. Jones, Kay M. Doyle, Gregg, Jones, Mieszkuc & Feldman, Houston, for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

## OPINION

EVANS, Chief Justice.

The appellant, Loomis International, Inc., brought this action against one of its former employees, William A. Perkins, to enforce a covenant not to compete. The trial court denied Loomis' request for a temporary injunction, and Loomis appeals from that order.

In six points of error, Loomis contends: (point one) that the evidence conclusively shows that Perkins violated the noncompetition covenant and that a temporary injunction is its only adequate remedy; (points two, three, four, and five) that the requested temporary injunctive relief is reasonable in time and geographic scope; and (point six) that if the trial court found the scope of the requested relief to be overbroad, it erred in not reforming the covenant and in not enforcing the covenant as reformed.

■ Because this is an appeal from the denial of a temporary injunction, our review is limited to whether the trial court clearly abused its discretion in deciding that the appellant was not entitled to the temporary injunction. *Davis v. Huey,* 571 S.W.2d 859, 861–62 (Tex.1978). Because no findings of fact or conclusions of law were filed, we must uphold the trial court's judgment if it is supported by the record on any legal theory. *Id.* at 862; *Seaman v. Seaman,* 425 S.W.2d 339, 341 (Tex.1968).

There is no dispute as to the terms of the noncompetition covenant in the 1976 employment agreement between Loomis, a company engaged in oilfield pipe testing and Perkins, who was hired as a salesman. Under the terms of the contract, Perkins agreed that for a period of two years following the termination of his employment, he would not engage directly or indirectly in the same or a competitive business within a 500-mile radius from the office where he worked at the time of his termination or where Loomis had done business in the year preceding such termination. At the temporary injunction hearing, Loomis limited its requested relief to an area within a 100-mile radius of any Loomis office within whose jurisdiction Perkins had worked or made customer contacts.

The evidence is uncontroverted that when Perkins resigned from Loomis in September 1984, he held the position of sales vice-president, and within several days thereafter, he began working for National Testers, Inc., a competitor of Loomis. It is also undisputed that Perkins continued to call on some of the same individuals that he contacted while employed by Loomis. Perkins acknowledged that his employment contract with Loomis prohibited him from working for a competitor of Loomis within the time and geographic scope specified in the noncompetition covenant.

In order to be entitled to temporary injunctive relief, Loomis was required to show not only a probable right to the relief

sought, but also a probable injury to that right in the interim unless temporary relief were granted. *Sun Oil Co. v. Whitaker*, 424 S.W.2d 216, 218 (Tex.1968). Thus, the controlling question is whether the evidence so conclusively established Loomis' right to temporary relief that the trial court clearly abused its discretion in refusing to grant such relief. *Davis v. Huey*, 571 S.W.2d at 862.

 There was evidence from which the trial court could have concluded that Loomis failed to prove such an irreparable injury by reason of Perkins' breach of the non-competition covenant that temporary injunctive relief would be justified. There was testimony that Perkins had worked in the oil business for 25 years before he went to work for Loomis and that he made sales contacts and built up customer goodwill long before he began working for Loomis. There was also testimony that while Perkins worked for Loomis, he was assigned to a particular geographic area, but he did not have an exclusive sales territory or exclusive customers. There was some evidence that oil companies use several different testing companies and that in the highly competitive oilfield pipe testing business, sales are no longer influenced primarily by personal contacts, but rather are determined by pricing and by a company's performance record. From all the testimony presented, the trial court could reasonably have decided that any injury that Loomis showed it might sustain by reason of Perkins' competitive efforts did not justify the imposition of temporary injunctive relief. *Cf. Martin v. Linen Systems for Hospitals, Inc.*, 671 S.W.2d 706, 710 (Tex.App.— Houston [1st Dist.] 1984, no writ).

In our review, we cannot assume that the evidence taken at the preliminary hearing will be the same as that developed at a full trial on the merits. *Davis v. Huey*, 571 S.W.2d at 862. Neither may we substitute our judgment for that of the trial court. Our sole determination is whether the undisputed evidence conclusively shows an abuse of discretion. *Id.; Zmotony v. Phillips*, 529 S.W.2d 760 (Tex.

1975). Because the record does not clearly show that the trial court abused its discretion in denying temporary relief, we overrule all points of error.

The order of the trial court is affirmed.