ACCEPTED
06-15-00031-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
11/24/2015 7:29:44 PM
DEBBIE AUTREY
CLERK

No. 06-15-00031-CV

IN THE
COURT OF APPEALS FOR THE
SIXTH SUPREME JUDICIAL DISTRICT OF TEXAS
AT TEXARKANA, TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
11/24/2015 7:29:44 PM
DEBBIE AUTREY
Clerk

DOUGLAS B. MOSELEY,

Appellant,

vs.

SHERRIE ARNOLD,

Appellee.

Appeal from the 71st District Court
of Harrison County, Texas
Honorable Brad Morin

APPELLANT'S REPLY BRIEF

i

**TO THE HONORABLE COURT OF APPEALS:**

Douglas B. Moseley (the "Plaintiff" or the "Appellant") files this Reply Brief in response to the Appellee Brief filed by Sherrie Arnold (the "Defendant"). Appellant seeks review of the Final Judgment entered April 7, 2015 by the 71st Judicial District Court of Harrison County, Texas below, including the Order Denying Plaintiff's Motion for Partial Summary Judgment entered November 18, 2014 and the Order on Defendant's Motion for Partial Summary Judgment entered December 29, 2014 upon which it relied.

**TABLE OF CONTENTS**

INDEX OF AUTHORITIES................................................................................iv

RESPONSIVE ARGUMENT AND AUTHORITIES ........................................ 1

    Plaintiff's Affidavit Presents Uncontroverted Facts to Support His Changed
    Circumstance Argument.................................................................................. 1

    Defendant's Affidavit Raises a Genuine Issue of Material Fact Concerning
    the Changed Circumstances Argument. ........................................................ 4

SUMMARY ...................................................................................................... 6

# INDEX OF AUTHORITIES

**CASES**

*Am. Dream at Marlboro, L.L.C. v. Planning Bd. of Tp. of Marlboro*, 35 A.3d 1198 (New Jersey 2012)......................................................................................... 2

*Bob Pagan Ford, Inc. v. Smith*, 638 S.W.2d 176 (Tex. App.—Houston [1st Dist.] 1982, no writ) .......................................................................................... 1, 2

*Davis v. Canyon Creek Estates Homeowners Ass'n.*, 350 S.W.3d 301 (Tex. App. – San Antonio 2011, pet. denied) ............................................................... 1

*Umphrey v. Waffle House, Inc.,* 13-01-085-CV, 2002 WL 34249733 (Tex. App.— Corpus Christi Apr. 25, 2002, pet. denied) ............................................... 2

**RULES**

Tex. R. Civ. P. 166a(c) .......................................................................... 1

**RESPONSIVE ARGUMENT AND AUTHORITIES**

**A. Plaintiff's Affidavit Presents Uncontroverted Facts to Support His Changed Circumstance Argument.**

Summary judgment is appropriate when there is no genuine issue as to material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion. Tex. R. Civ. P. 166a(c). Specifically in connection with the changed circumstances argument, and as more fully set forth in Plaintiff's Appellant Brief, the trial court should consider a number of factors to determine whether a changed circumstance exists, so as to excuse the performance of a deed restriction or restrictive covenant, including: (1) the size of the restricted area; (2) the location of the restricted area with respect to where the change has occurred; (3) the type of change or changes that have occurred; (4) the character and conduct of the parties or their predecessors in title; (5) the purpose of the restrictions; and (6) to some extent, the unexpired term of the restrictions. *Davis v. Canyon Creek Estates Homeowners Ass'n.*, 350 S.W.3d 301, 309 (Tex. App. – San Antonio 2011, pet. denied).

The doctrine of changed circumstances is highly factual in its inquiry, and is equitable in nature. *Bob Pagan Ford, Inc. v. Smith*, 638 S.W.2d 176, 178 (Tex. App.—Houston [1st Dist.] 1982, no writ). In determining whether a restrictive covenant is reasonable, it is appropriate for the court to consider whether the interests which the covenant was designed to protect are still outstanding and to

1

balance those interests against the hardships which would be imposed upon the employee by enforcement of the restrictions. *Id.* That type of weighing and balancing means that granting summary judgment on such a highly factual inquiry will be rarely proper. *See generally, Umphrey v. Waffle House, Inc.,* 13-01-085-CV, 2002 WL 34249733 (Tex. App.—Corpus Christi Apr. 25, 2002, pet. denied); *Am. Dream at Marlboro, L.L.C. v. Planning Bd. of Tp. of Marlboro*, 35 A.3d 1198, 1203-04 (New Jersey 2012).

In the present case, the Moseley Affidavit (R.60-7), attached to Plaintiff's Motion for Summary Judgment and included by reference into Plaintiff's Response to Defendant's Counter-Motion for Summary Judgment, addresses each of the elements of the equitable doctrine of changed circumstances and makes factual statements supporting Plaintiff's position. The Arnold Affidavit (R.165-6), in contrast, neglects to address any of the factual issues required by law in any meaningful way and makes a separate, related allegation that potentially creates an additional fact issue to be determined by the trial court. Notwithstanding the uncontroverted evidence supporting Plaintiff's position, the trial court improperly entered judgment for Defendant without conducting a trial on the factual merits of Plaintiff's changed circumstance argument. The granting of summary judgment in this case is puzzling. Not only did Plaintiff's evidence create substantial fact issues, which should have defeated summary judgment, but most of the facts raised

by the Plaintiff's Affidavit were largely undisputed. Further, there would seem to be fewer cases that would have facts more extreme than the present case to justify application of the doctrine of changed circumstances.

In applying the various factors addressed by Texas courts, the first factor to consider, the size of the restricted area, is not meaningfully disputed. Both parties agree that the Deed Restriction in question restricts the use of Defendant's 5 Acre tract. Yet only Plaintiff offers any factual statements relating to the second factor, the location of the restricted area with respect to the changes that have occurred. Plaintiff locates the disputed tract geographically at the intersection of Interstate 20 and Highway 43, a fact Defendant likely does not dispute, but continues to affirm that "[t]he traffic patterns at Interstate 20 and Highway 43 have dramatically changed in 29 years" and that the Deed Restriction prevents economic development of the area and alienation of property. (R.67) Similarly, the Moselely Affidavit is clear and unequivocable about the type of changes that have occurred in the subject property, the third factor: "A fire permanently destroyed the truck stop, which has been closed more than 24 years. The truck stop was never re-opened, and has never been used as a truck stop or any other fuel outlet in over 24 years." (R.63) Defendant does not appear to dispute this factual statement, either, given the silence of the Arnold Affidavit on this assertion. Plaintiff provides evidence in support of the fourth factor, the character or conduct of the parties and

their predecessors in title, affirming that Defendant had been unaware of the Deed Restriction and its primary purpose from the time she purchased the 5 Acres until Plaintiff contacted her to obtain a release of the Deed Restriction (R.65) and that none of Defendant's predecessors in title had utilized the 5 Acres for the purpose intended in the Deed Restriction since its destruction over 24 years ago (R.66). The Defendant does not controvert these statements either. Defendant's contention that Plaintiff has failed to present supporting facts to support the changed circumstances argument is simply inconsistent with the verified statements of the parties in the record. Rather, the record shows that Plaintiff has presented a number of relevant facts to which Defendant has failed to controvert and that the trial court erred in denying Plaintiff the opportunity to present the merits of its claims.

## B. Defendant's Affidavit Raises a Genuine Issue of Material Fact Concerning the Changed Circumstances Argument.

Despite Defendant's silence on the majority of the factors relevant to the changed circumstances argument, Defendant does make one factual statement in her affidavit that differs from Plaintiff's statement in a meaningful way, warranting remand to the trial court. In connection with the fifth factor, the purpose of the Deed Restriction, Plaintiff asserts: "The original intention of Gorman and me for the existence of the Deed Restriction was to protect the value of Moseley's Truck Stop, the business sold by me to Gorman in 1985, almost 30 years ago." (R.67) The Moseley Affidavit continues to describe how that original purpose has been

4

frustrated through foreclosure, fire, and destruction of the operating assets of the Moseley's Truck Stop, leaving nothing but the real property. (R.67) The Arnold Affidavit, however, introduces a slightly altered narrative of the purpose of the Deed Restriction, affirming that the Deed Restriction "benefits my five (5) acre tract or parcel in that I own a piece of property fit for a truck and fuel stop, and the Restrictive Covenant gives me the ability to prevent competition directly across Interstate 20 because the Restrictive Covenant prevents the owner of the 6.379 acre tract from developing or using the 6.379 acre tract of land across Interstate 20 as a truck and fuel stop." (R.165-6) Defendant next states that the Deed Restriction "makes my five (5) acre tract or parcel of land *more valuable* as a result of having no competition for a truck and fuel stop directly across Interstate 20." (R.166, emphasis added) The statements of the Defendant, who has no personal knowledge of the purpose of the Deed Restriction (having purchased the property decades after the Moseley Truck Stop burned to the ground), suggest that the Deed Restriction's purpose was to protect *any* fuel or truck stop that may be operated on the 5 Acre tract, including *future* fuel or truck stops that may be constructed on the 5 Acres, whereas Plaintiff contends that the Deed Restriction's limited purpose was to protect the *specific* Moseley's Truck Stop that was sold by Plaintiff to Gorman in the original transaction. This is a distinction with a significant, material difference. At a minimum, these statements create a genuine dispute of a material

5

fact – the purpose of the Deed Restriction – that the trial court should not have ignored. If the evidence at trial shows that the original parties' intention with respect to the Deed Restriction was to protect Moseley's Truck Stop specifically, and not any fuel stop on the 5 Acres generally, then the trial court must then consider evidence of the frustration of that purpose in connection with the changed circumstances argument – which Plaintiff raises in his affidavit without any controvertion from Defendant. This is a material factual dispute that must be remanded to the trial court for consideration on the merits.

## SUMMARY

For the additional reasons set forth above, as well as the arguments set forth in Plaitiff's Appellant's Brief, the Trial Court reversibly erred in entering Final Judgment in favor of Defendant because there are genuine issues of material fact in connection with the application of Plaintiff's changed circumstances argument. In short, the granting of summary judgment was tantamount to a ruling that the highly factual determination and application of the doctrine of changed circumstances can be completely short-shrifted by a summary denial against the weight of the evidence.

The law does not support this. Texas law of changed circumstances, which is highly factual and equitable in nature, requires a trial court to weigh evidence and to weigh facts. In this case, a broad and equitable doctrine such as the doctrine of

changed circumstances requires a serious factual inquiry. The trial court did not give this doctrine the deference that the the law requires, and should be reversed.

Nor do the facts do not support the trial court's ruling. If there ever were a case for the application of the doctrine of changed circumstances, it is a case where a restrictive covenant is more than 25 years old, was put into place to protect the purchase of a truck stop that burned down to the ground more than 25 years ago, where the property to be benefitted has changed hands 6 times (each in violation of rights of first refusal in favor of the Plaintiff), and where the ultimate purchaser did not have the slightest clue at the time of the purchase of the property of the existence of the restrictive covenant. Plaintiff's Affidavit sets forth a mountain of evidence of changed circumstances, most of which is not even refuted by the Defendant.

In short, this is not even a close case. It certainly is a case where the trial court should not have granted summary judgment without permitting the Plaintiff to put on evidence that would be carefully weighed be a trier of fact. Frankly, this appears to be a case where the trial court may have made a simple mistake. Based on the current state of the law and the substantial evidence on file in the summary judgment record supporting the doctrine of changed circumstances, the trial court erred in granting summary judgment to defeat the doctrine of changed circumstances outright without considering considerable facts. At a minimum, this

case should be remanded to the trial court for a proper trial and presentation of evidence on the issue of changed circumstances.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays this Honorable Court reverse the Final Judgment of the Trial Court and remand this case for further proceedings on the merits as this Court deems necessary. Plaintiff further prays for such other and further relief, legal or equitable, special or general, to which it may be entitled.

Respectfully submitted,

/s/ *Gerrit M. Pronske*
Gerrit M. Pronske
State Bar No. 16351640
Melanie P. Goolsby
State Bar No. 24059841
PRONSKE GOOLSBY & KATHMAN, P.C.
15305 Dallas Parkway, Suite 300
Addison, Texas 75001
(214) 658-6500 – Telephone
(214) 658-6509 – Telecopier
Email: gpronske@pgkpc.com
Email: mgoolsby@pgkpc.com

**ATTORNEYS FOR THE APPELLANT**

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on November 24, 2015, I caused to be served the foregoing pleading upon the counsel listed below via email and also via the Court's electronic transmission facilities.

Deane A. Searle
Searle & Searle, PC
P.O. Box 910
305 West Rusk Street
Marshall, Texas 75671
Email: dsearle54@gmail.com

/s/ *Gerrit M. Pronske*
Gerrit M. Pronske