**Henry R. PEARSON, Trustee, Appellant,**

v.

**The FORT WORTH NATIONAL BANK, Trustee, and J. C. Penney Co., Inc., Appellees.**

**No. 17984.**

Court of Civil Appeals of Texas, Fort Worth.

March 16, 1978.

Rehearing Denied April 20, 1978.

Meyers, Miller & Middleton and John R. Henderson and David White, Dallas, for appellant.

Garrett, Stahala & Boswell, Robert F. Stahala, Fort Worth, for appellee Fort Worth Nat. Bank, Trustee.

McGown, Godfrey, Decker, McMackin, Shipman & McClane and Richard L. Bourland, Fort Worth, for appellee J. C. Penney Co., Inc.

OPINION

SPURLOCK, Justice.

Appellant Henry R. Pearson, Trustee, has appealed from an order of the district court granting summary judgment in favor of the Fort Worth National Bank, Trustee, and J. C. Penney Co., Inc., and denying his motion for summary judgment. For clarity, the parties will be referred to as "Pearson", "Bank", and "Penney".

We affirm the judgment of the trial court.

By his original petition, Pearson sought a declaratory judgment declaring that a "residential use only restriction" contained in a deed of January 30, 1969, between Bank and I. C. Deal (Pearson's predecessor in title) was null and void and had been void since its inception by reason of certain City of Fort Worth zoning ordinances. The land involved is located adjacent to Ridgmar Mall, which is on the west side of Fort Worth.

Ordinance 3011,[1] the Comprehensive Zoning Ordinance, *effective March 1, 1953,* set forth certain use regulations in § 14, which provided in part:

"In the 'J' Light Industrial District, no building or land shall be used, and no building shall be hereafter erected, reconstructed, altered, or enlarged, unless otherwise provided in this ordinance, except for one or more of the following uses:

"1. Any use permitted in the 'I' Light Industrial District. *Dwellings are excluded,* except that a dwelling can be erected on a Lot of Record, which was recorded prior to the adoption of this ordinance." (Emphasis added.)

By Ordinance 6439,[1] effective *March 1, 1971,* § 14(1) of Ordinance 3011[1] was amended to read as follows:

"1. Any uses permitted in the 'I' Light Industrial District except that *all dwellings are excluded* and no mobile home park shall be permitted." (Emphasis added.)

Pearson acquired the property by deed dated December 27, *1973.* At the time of the acquisition, he was aware that a certain portion of the property was zoned "J" Light Industrial. Also, he was aware at the time of the acquisition that a "residential only restriction" (for a total term of twenty-five years) was contained in the January 30, 1969, deed from Bank to I. C. Deal, which was in his chain of title.

By this suit, Pearson seeks to have the deed restriction declared null and void. He does not seek to have the conveyance (whereby he acquired title) set aside. He argues that the combined effect of the city ordinance and the deed restriction will amount to a prohibition of the use of the property for the remaining term of the deed restriction; i. e., some sixteen years.

We are thus faced with a situation where a purchaser bought a piece of property with full knowledge of (1) the zoning applicable to the property and (2) of the twenty-five year deed restriction found in his chain of title.

For the purpose of this opinion, we shall assume (without deciding) that Pearson is correct in his contention that the combined effect of the ordinances and the deed restrictions will prevent use of this property for the remaining sixteen years of the original twenty-five year deed restriction.

■■■ Restrictions which amount to a prohibition of use of the property granted are void. 7 *Thompson on Real Property* § 3161 at 116 (1962); *Baker v. Henderson,* 137 Tex. 266, 153 S.W.2d 465, 471 (Tex. Comm'n App.—1941, opinion adopted). In the case at bar, the deed restriction was only for twenty-five years. Thus, the deed restriction, being reasonably limited in time, does not amount to a prohibition of the use of the land. If anything, it is the city ordinance that might result in the prohibition of the use of the land for the next sixteen years. Pearson has not tried to get the property re-zoned, nor has he tried to obtain a building permit from the City of Fort Worth for residential construction.

In *Spencer v. Maverick,* 146 S.W.2d 819 (Tex.Civ.App.—San Antonio 1941, no writ), the court wrote:

"(T)he rule is that *a purchaser is not only charged with notice of the contents of deeds in his chain of title* but, if the same contain anything that would put a prudent man upon inquiry, he is chargeable with notice of whatever an inquiry would reveal. . . ." *Id.* at 823. (Emphasis added.)

The *Spencer* case, *supra,* also quoted with approval the following language from an Iowa case:

---

1. All ordinances are of the City of Fort Worth.

"(W)here private restrictive covenants have been placed upon lots or land by agreement of parties, they are controlling, and city zoning ordinances cannot override or destroy such private restrictive covenants." *Id.* at 825.

Pearson was aware of the deed restrictions in his chain of title and the zoning ordinances affecting the property; however, with full knowledge of the facts, he decided to buy the property and attempt to have the deed restriction declared null and void. We hold that the deed restriction, being reasonable in time, is valid. Both of Pearson's points of error are overruled.

The judgment of the trial court is affirmed.

