BENT NAIL DEVELOPERS,
INC., Appellant,

v.

Roger D. BROOKS, Individually and as Independent Executor of the Estate of Nat Brooks, Deceased, and Dorothy Jean Brooks, Appellees.

No. 2–87–140–CV.

Court of Appeals of Texas,
Fort Worth.

Sept. 22, 1988.

Thomas J. Williams, Bishop, Payne, Lamsens & Brown, Fort Worth, for appellant.

B. Frank Cain, Tim G. Sralla, Reynolds Shannon Miller Blinn White & Cook, Fort Worth, for appellees.

Before BURDOCK, HILL and FARRIS, JJ.

OPINION

HILL, Justice.

Bent Nail Developers, Inc. appeals from a summary judgment that it take nothing in its declaratory judgment action which it brought seeking to set aside certain deed restrictions on property which it had purchased from the appellees, Roger D. Brooks, individually and as independent executor of the estate of Nat Brooks, deceased, and Dorothy Jean Brooks. In a sole point of error, Bent Nail urges that the trial court erred by granting summary judgment for the appellees.

We reverse and remand for trial, because we find that there is a material fact issue as to the reasonable amount of time in which the restrictions may be enforceable.

One of the bases for Bent Nail's sole point of error is that enforcement of the restrictive covenants on the property which it acquired from the appellees would constitute a prohibition against the use of the property.

Bent Nail acquired the property involved in this lawsuit from the appellees by purchase in 1981. The property is located in Watauga, Texas, in an area that is zoned for commercial use. In Watauga, property which is zoned for commercial use may not be used for residential use.

In the negotiations leading up to the sale, the appellees offered the property at two different prices. (The property was not then subject to any deed restrictions.) One price, the price ultimately agreed upon, was for the conveyance of the property with the residential restrictions. Bent Nail could have acquired the property without the restrictions for a much higher price. Bent Nail, apparently believing that it could have the property rezoned from commercial to residential use, chose to acquire the property with the residential restrictions at a substantially lower price. Bent Nail understood at the time that it acquired the property that it could not be used for any purpose because of the restrictions and Watauga zoning.

The appellees wanted the restrictions so that Bent Nail would not be in competition as the appellees engaged in commercial development in the area.

Over two years after the sale, Bent Nail twice unsuccessfully sought to change the zoning of the property from commercial to residential.

In October, 1984, less than three years after the original purchase, Bent Nail brought suit asking for a declaratory judgment to cancel the deed restrictions restricting the use of the property to residential use only. The appellees counterclaimed for damages based upon theories of fraud, unjust enrichment, and implied contract, or, alternatively, for rescission, all in the event that the trial court should declare the deed restrictions to be invalid. The counterclaim has been severed from this action and remains pending in the court below. The trial court in this action entered a summary judgment in favor of appellees, and awarded them attorney's fees.

In the case of *Pearson v. Fort Worth National Bank,* 564 S.W.2d 175 (Tex.Civ. App.—Fort Worth 1978, writ ref'd n.r.e.), this court held in a similar fact situation that although restrictions which amount to a prohibition of use of the property granted are void, a restriction which is limited in time is not a prohibition in the use of the land.

■ In this case the restrictions are not limited in time. We note, however, that the purpose of the restrictions in this case is not to maintain the residential character of the property in question. Rather, the restrictions are similar to a non-competition restriction such as the one construed in the case of *Anderson v. Rowland,* 18 Tex.Civ. App. 460, 44 S.W. 911 (1898, no writ), in that its purpose is to prevent Bent Nail from competing with the appellees in the development of commercial property. As such, there is no substantial difference between such a restriction and a non-competition contract. *See id.* 44 S.W. at 912.

■ With respect to non-competition agreements, it has been held that such a covenant is not void and unenforceable simply because it is not reasonably limited as to either time or area. *Weatherford Oil Tool Company v. Campbell,* 161 Tex. 310, 340 S.W.2d 950, 952 (1960). Even though the time period stipulated by the parties is unreasonable, a court of equity will nevertheless enforce the contract by granting an injunction restraining the defendant from competing for a time that is reasonable under the circumstances. *Id.*

■ We hold that where, as here, the restrictions on real property are in substance a non-competition agreement between the parties, the restrictions may be enforced for a reasonable time, even

though the restrictions are unlimited as to time.

We believe that the question of what constitutes a reasonable time for the enforcement of these restrictions is a material fact issue in this cause since it determines whether or not the restriction is presently enforceable. It follows that the appellees have not met their burden of establishing in this summary judgment proceeding that there exists no genuine issue of material fact, as required by TEX.R. CIV.P. 166a.

Bent Nail also argues that there is a fact issue as to whether changed conditions in the surrounding area rendered the covenant unenforceable. It relies on summary judgment proof that the surrounding area has become more commercial in nature and that an abutting road has changed from a two-lane to a five-lane road.

The Texas Supreme Court has held that a court of equity may refuse to enforce a residential-only deed restriction because there has been such a change of conditions in the restricted area or surrounding it that it is no longer possible to secure in a substantial degree the benefits sought to be realized through the covenant. *Cowling v. Colligan,* 158 Tex. 458, 312 S.W.2d 943 (1958). As we have noted, the benefit sought to be realized in this case is not to maintain the area as residential, but to prevent Bent Nail from competing with the appellees in commercial development. Therefore, the fact that the area is becoming more commercial makes it more, not less, possible to secure in a substantial degree the benefits sought to be realized through the covenant. We therefore hold that the facts of this case as shown in the summary judgment proof show the lack of a material fact issue with respect to changed conditions.

For the reason stated, we sustain the sole point of error, reverse the judgment, and remand this cause for trial.